UNITED STATES of America, Appellee,

v.

Terry Kenneth RABENBERG, Appellant.

UNITED STATES of America, Appellee,

v.

Randy Allen LANGE, Appellant.

Nos. 84–5204, 84–5205.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1985.

Decided June 28, 1985.

Rehearing and Rehearing En Banc Denied Aug. 22, 1985 in No. 84–5205.

Scott Tilsen, Minneapolis, Minn., for appellant.

Paul A. Murphy, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Randy Allen Lange and Terry Kenneth Rabenberg appeal from judgments entered by the district court[1] on their conditional pleas of guilty under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 of possession of cocaine with intent to distribute and aiding and abetting. On appeal, Lange and Rabenberg contend that the district court erred in denying their pretrial motions to suppress evidence police had obtained in a warrantless search of a closed container found inside a suitcase. We affirm.

The facts are essentially undisputed. On July 19, 1984 a fourteen year old boy picked up a suitcase at the Minneapolis-St. Paul airport, mistakenly believing the case to be his. Once home, the boy opened the suitcase, discovering inside a loaded .45 caliber pistol. The boy's uncle removed the ammunition clip and called the Anoka, Minnesota Police Department. The uncle briefly viewed the other contents of the case, noting that these included two gift-wrapped packages, and that tape had come loose from the end of one of the packages.

Several hours later, Police Officer Betlach arrived at the home, responding to what he thought was a suspicious person report. The suitcase was lying open on the kitchen table when he arrived. Betlach told the boy and uncle that he would have to take custody of the suitcase. He then began a search of the case. According to Betlach, he was looking for other dangerous instrumentalities, and for indications of the identity of the case's owner. He was also acting pursuant to a departmental policy requiring full inventory searches of all items taken into police custody. Betlach did not examine the tags on the handle of the suitcase; these were labelled with the name, "Sandy," a seven-digit telephone number, and a partly illegible Anoka, Minnesota address.

On inspecting the partially opened gift package, Betlach noted it was rounded, soft and lumpy. An opaque plastic wrapper was visible underneath the gift wrap where the tape had come free. Betlach removed the gift wrap and the opaque plastic covering; inside was a clear plastic bag containing white powder. Suspecting that the bag contained narcotics, Betlach replaced the package in the suitcase and took the case to the police station. At the station, all contents of the suitcase were inventoried. The other gift-wrapped package proved to contain an appliance for sealing plastic bags. Police then rewrapped the packages, replaced them in the suitcase, and returned the suitcase to the airport, where it was subsequently claimed by appellants. Appellants were arrested a short time later.

Appellants' sole contention on appeal is that the district court erred in refusing to hold that the opening by Betlach of the rounded gift-wrapped package violated the fourth amendment. Appellants reason that since the suitcase was in police custody, no exigency existed to justify the warrantless search. The opening of the package, appellants contend, exceeded the legitimate scope of an inventory search. Appellants conclude the departmental policy requiring inventory searches was merely used by police as a pretext for an improper investigatory search.

We are not persuaded the search was improper. The Supreme Court has recognized that a police officer, carrying out community caretaking or administrative duties unrelated to criminal investigations, may sometimes be required to search private property that has lawfully come into official custody. *Illinois v. Lafayette,*

1. The Honorable Robert G. Renner, United States District Judge, District of Minnesota.

462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). The most commonly mentioned reasons for such searches include (1) the need to protect the owner's property while it remains in police custody; (2) the need to protect the police against claims of lost or stolen property; and (3) the need to protect the police (or general public) from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976); *Cady v. Dombrowski*, 413 U.S. at 447, 93 S.Ct. at 2530. Such searches do not rest upon findings of probable cause, and, in view of their non-investigative nature, do not implicate the warrant requirement. *South Dakota v. Opperman*, 428 U.S. at 370 n. 5, 96 S.Ct. at 3097 n. 5. Instead, the proper standard for determining the constitutionality of these inventory searches is the fourth amendment's reasonableness standard. *Id.* at 372–73, 96 S.Ct. at 3098–99. In applying the latter standard, we must "weigh the governmental interests advanced by an inventory search against the privacy interests invaded in light of the particular circumstances of the case." *United States v. Wilson*, 636 F.2d 1161, 1163 (8th Cir.1980).

In the present case, the suitcase had already been opened by the time Officer Betlach arrived, and the tape on one of the packages was loose. Betlach had no way of knowing what the boy or his uncle might have taken from or placed in the suitcase or package. These concerns were magnified by the fact that a fully loaded weapon had already been discovered in the suitcase. It was necessary for Betlach to open the package so that he might protect all persons concerned from claims of theft and from dangerous instrumentalities. Thus, even though the search did not take place at police headquarters, and even though an inventorying policy might not always justify opening of a sealed package, *see United States v. Bloomfield*, 594 F.2d 1200 (8th Cir.1979), we cannot say that this search was unreasonable, given the peculiar circumstances.

In so concluding, we have thoroughly reviewed the record, and have found it to be devoid of support for appellants' allegations that Betlach opened the loosened package with the expectation of uncovering evidence of a crime. The police did not in any way initiate the contact with the suitcase; Betlach is not a narcotics officer; and he arrived at the house intending to respond to a suspicious person report. His testimony indicated he did not suspect narcotics might be present until he had removed the package's opaque wrapper. Betlach testified that he searched the package to find any indications of the identity of the suitcase's owner and to uncover any dangerous weapons that might have been inside.

No evidence was introduced to rebut this testimony. There is no reason to believe Betlach's actions were anything other than a routine performance of his community caretaking duties. For this reason, the present case is distinguishable from *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), cited by appellants. In both *Jacobsen* and *Chadwick*, police conducted searches in the course of performing their law enforcement duties and for the purpose of uncovering evidence of crimes.

The convictions are affirmed.