**UNITED STATES of America,
Appellant,**

v.

**John F. TRULLO, Defendant, Appellee.**

**No. 85–1708.**

United States Court of Appeals,
First Circuit.

Argued April 11, 1986.

Decided May 14, 1986.

Ralph C. Martin, II, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellant.

Owen S. Walker, Federal Defender Office, Boston, Mass., for defendant, appellee.

Before CAMPBELL, Chief Judge, ALDRICH and COFFIN, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

In this prosecution for possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), the government appeals, pursuant to 18 U.S.C. § 3731, from the pretrial grant of defendant's motion to suppress certain packets of cocaine found in a tin which deceptively appeared to be a can of Pennzoil. The facts are these. Defendant was arrested when driving with a concealed weapon on his person and his automobile was taken into custody.[1] In the course of an inventory search of the auto at the stationhouse an officer picked up the can, and by its lightness concluded that it did not contain oil. This naturally invited his attention, and on discovering that the top pulled out, he proceeded to discover the cocaine.

Defendant makes two claims with respect to this search. The first is that there was no inventory search at all, but that the officers put that cover on it as an

---

1. Defendant would support the suppression of the cocaine on an alternative ground that the arrest was illegal, which was rejected by the court, defendant says improperly. Such review on this limited appeal could branch into other matters, and we will not apply the principle of holding (if appropriate) that the court reached the right result for the wrong reasons, but will limit ourselves to the ruling appealed from.

excuse. This is an old, familiar, song, heard in many locales. *See, e.g., United States v. Pringle,* 751 F.2d 419, 425 (1st Cir.1984) (not open to defendant, whose ship was found to contain controlled substances, to claim that Coast Guard was using safety inspection as a pretext). We will not hold that the officer's failure, technically, to follow the inventory form procedures for valuables meant it was not an inventory search. Indeed, we note that in the course of the hearing the court described the search as an inventory search.

■ Nor was the pseudo oil can "locked and inaccessible." (Police Training Bulletin, furnished by defendant, citing cases.) Indeed, the very fact that it was not should have been the answer to defendant's second contention, erroneously accepted by the court, that the officer's subjective expectation of finding controlled substances in the can vitiated the inventory search. One purpose of an inventory search is to ascertain articles of value, both to protect the owner's property while in police custody, and to protect the police against future claims of misappropriation. *South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976). If an easily openable container is not examined, the search may be deficient. It was not impossible, for example, that paper currency could have been concealed in the can.[2] As long as a container is ostensibly searchable for inventorying, it is improper for a court to make inquiry as to the officer's subjective thoughts on a piece by piece basis. *Cf. Illinois v. Lafayette,* 462 U.S. 640, 646, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65 (1982) ("It is immaterial whether the police actually fear any particular package or container; the need to protect against such risks arises independently of a particular officer's subjective concerns."). If such a search may be condemned where the officer candidly admits to an expectation of finding an unlawful substance rather than an item for proper inventorying,

such inquiry, and possible finding, would equally be open though he denies such intent. There would be no end to it, quite apart from the damper this would put upon inventory searches. The test must be one of objective reasonableness, not subjective state of mind. This is the law generally with respect to discretionary functions. *Cf. Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Admittedly the cases in this area, by reason of facts or circumstances, are not always, at least superficially, uniform. See discussion in *United States v. Laing,* 708 F.2d 1568 (11th Cir.1983), *cert. denied* 464 U.S. 896, 104 S.Ct. 246, 78 L.Ed.2d 235. However, we do not agree that this case is similar to *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), where a footlocker that was securely locked was not opened until a trained dog was obtained, who furnished probable cause. There was no contention that that was an inventory search.

*Reversed.*

---

2. The court, in fact, remarked that such "things [are sold] to householders to conceal their valuables in so the burglars will think it is nothing more than a can of Pennzoil while in truth it contains the family's diamonds, emeralds, and rubies."