**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Dee YOUNG, Defendant-Appellant.**

**No. 87–1091**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 7, 1987.

Brenda G. Christian, (court-appointed), Dallas, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., Sidney Powell, Harry Koch, Asst. U.S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GEE, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant, not daring to attack his conviction as a felon illegally possessing firearms transported in interstate commerce, challenges instead the trial court's failure to suppress evidence of the illegal weapons. Because the trial court's findings of fact are shielded by the clearly erroneous rule and its legal conclusion justified by *Colorado v. Bertine*, — U.S. ——, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), we affirm.

The district court properly concluded that the discovery by police, concurrently with appellant's arrest, of two pistols contained in a map pocket on the back of the passenger's seat of the truck driven by appellant was an inventory search pursuant to planned impoundment of the vehicle.

A team of federal and state agents, in possession of warrants for appellant's ar-

rest, received information that he would be arriving at an apartment complex in Garland, Texas in a red pickup truck on the evening of September 2, 1986. They saw appellant drive into the parking lot, immediately positioned their car behind the slot in which he had parked, and arrested him within 30 feet of the vehicle. The officers followed Dallas police procedures and DEA policy which requires that all vehicles be impounded unless the owner requests, and it can be determined, that the vehicle can be safely left at its location. According to the established procedures, any doubt regarding the safety or security of a vehicle must be resolved in favor of impoundment. Young presented them with false identification, did not claim ownership of the truck, and neither protested the inventory nor requested initially that the truck be left at its location. The officers thereupon determined to impound the vehicle, so an inventory began. During this process, Agent Estep discovered the holstered revolvers.

Soon afterward, appellant indicated that the owner of the borrowed truck resided in the apartment complex, and the officers chose to leave the truck with its owner rather than tow it away. Based on this evidence, the trial court found that the inventory search of the truck was justified to protect its owner's property and protect the police from claims of lost possessions. The court specifically found that the inventory was not conducted as a pretext for obtaining evidence of a crime, but rather had been intended to precede impoundment at a time that the officers did not know who owned the vehicle. The court's fact-findings, following a suppression hearing, are not clearly erroneous. We reject appellant's contrary assertions.

 Under these circumstances we uphold the trial court's finding that the police undertook a valid inventory search, for an inventory search may be "reasonable" under the fourth amendment even though it is not conducted pursuant to a warrant based upon probable cause. *Colorado v. Bertine*, —— U.S. at ——, 107 S.Ct. at 741; *South Dakota v. Opperman*, 428 U.S. 364,

96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). This conclusion necessarily presupposes that the police had the right to impound the vehicle, a presupposition that appellant disputes. His contention, in our view, is foreclosed by *Colorado v. Bertine*, in which the Supreme Court rejected any constitutional mandate that police use arrangements less intrusive than impoundment for the security of vehicles and their possessions. The Supreme Court there held that "reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment, even though courts might as a matter of hindsight be able to devise equally reasonable rules requiring a different procedure." *Id.* 107 S.Ct. at 742 (footnote omitted). Based on the trial court's fact findings, the reasonableness of the agents' initial decision to inventory and impound cannot here be doubted. Appellant did not own the pickup; although it was believed that he was living in the apartment complex, they had no idea that a tenant owned the vehicle. The agents reasonably did not expect appellant, a three-time convicted felon, to be released anytime soon to reclaim the pickup. We are also persuaded by the presence of other factors relied upon in *Bertine* to justify the reasonableness of the officers' search: here, officers followed established local police and DEA regulations, and there is no evidence that the inventory search was a pretext for warrantless pursuit of criminal evidence. *See also United States v. Staller*, 616 F.2d 1284, 1289–90 (5th Cir.), *cert. denied* 449 U.S. 869, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980); *United States v. Edwards*, 577 F.2d 883, 893–94 (5th Cir.) *(en banc), cert. denied*, 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978). Finally, in this case, the officers' decision based on subsequently obtained information to leave the pickup truck with its rightful owner does not invalidate the inventory search.

The decision of the trial court is AFFIRMED.