UNITED STATES of America,
Plaintiff–Appellee,

v.

Raul LOAIZA–MARIN,
Defendant–Appellant.

No. 87–3541
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1987.

Virginia L. Schlueter, Asst. Federal Public Defender, New Orleans, La. (Court-appointed).

John Volz, U.S. Atty., Lawrence Benson, Joe Giarrusso, Jr., Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Loaiza–Marin, an alien convicted of possession of cocaine with intent to distribute, appeals complaining of the trial court's refusal to suppress the cocaine, 664 F.Supp. 1013. We affirm his conviction.

At the Border Patrol station where he was taken after being arrested for illegal entry, an agent searching his suitcase found a soft pillow with hard lumps inside. A corner of it was loosely sewn shut with thread which differed in color from that binding the remainder. When the agent opened the pillow seeking possible contraband or valuables,[1] he discovered bags of

cocaine. He turned Loaiza and his cocaine over to the Drug Enforcement Administration.

Loaiza contends to us that the trial judge improperly concluded that the Border Patrol agents found the cocaine pursuant to an inventory search. The search was not an inventory search, he asserts, because one of the Border Patrol agents testified that it was not and because the agents did not complete the proper forms for an inventory search.

The Supreme Court has held that "it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession in accordance with established inventory procedures." *Illinois v. Lafayette*, 462 U.S. 640, 648, 103 S.Ct. 2605, 2611, 77 L.Ed.2d 65 (1983). Examining all the items removed from the arrestee's person or possession and listing or inventorying them is a reasonable administrative procedure. *Id.* at 646, 103 S.Ct. at 2609. The reasonableness of an inventory search does not depend upon probable cause, and the inventory search constitutes a well-defined exception to the Fourth Amendment warrant requirement. *Id.* at 643, 103 S.Ct. at 2608; *see also United States v. Young*, 825 F.2d 60, 61 (5th Cir.1987). The policies underlying inventory procedures serve to protect the owner's property while in police custody, to insure against lost or vandalized property, and to guard the police from danger. *Colorado v. Bertine*, —— U.S. ——, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987).

The search of the pillow constituted a reasonable inventory search. The agent who conducted the search testified that the hard lumps and the different colored thread, together with the knowledge that aliens often hide their valuables, led him to believe that Loaiza may have cached valuables in the pillow. He further indicated that inventorying valuables constituted part of the Border Patrol's routine post-arrest administrative procedure. The purpose of searching for valuables comports

---

1. Which detention policy required be listed.

with the policy stated above of protecting the detainee's property from theft or loss. The agent's uncontradicted testimony indicated that he was searching for valuables, and there was no evidence to indicate that the inventory search was a pretext for conducting an impermissible warrantless pursuit of criminal evidence. *See Young,* 825 F.2d at 61.

Other courts have upheld inventory searches in factually similar circumstances. In *United States v. Rabenberg,* 766 F.2d 355 (8th Cir.1985), the court found reasonable a police inventory search of an opaque, plastic covering which was inside a partially opened package inside of a suitcase. *Id.* at 356. In *United States v. Cervantes–Gaitan,* 792 F.2d 770 (9th Cir.1986), a Border Patrol agent searched the contents of an arrested illegal alien's duffel bag. Inside the bag, the agent found a sock with a hard black object inside. The object was covered with electrical tape which, when unwrapped, revealed heroin. The court found this a valid inventory search. *Id.* at 772.

■ Contrary to Loaiza's contention, the agent's failure to complete the inventory forms does not mean that the search was not an inventory search. Upon discovering the cocaine, the agent turned Loaiza over to the D.E.A. and therefore had no reason to complete the inventory form. Although the Border Patrol procedures indicate that the forms should have been completed, other courts addressing the same issue have concluded that failure to compile the written inventory does not render the inventory search invalid. *See United States v. Trullo,* 790 F.2d 205, 206 (1st Cir.1986); *United States v. O'Bryant,* 775 F.2d 1528, 1534 (11th Cir.1985). We do likewise.

Although one of the agents at the suppression hearing testified that the search which yielded the cocaine was conducted "prior to an inventory search," the context of his testimony makes clear that the search was being conducted prior to the making of an inventory *list.* Thus his testimony, which was ambiguous at best, cannot serve as the basis for a conclusion that the search was not an inventory search.

The search of the pillow was a reasonable inventory search. The district court's denial of the motion to suppress the cocaine, and appellant's conviction, are

AFFIRMED.