**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin P. JUDGE, Defendant–Appellant.**

**No. 87–1071.**

United States Court of Appeals,
Fifth Circuit.

May 20, 1988.

Lawrence J. Vilardo, Buffalo, N.Y., for defendant-appellant.

Frederick M. Schattman, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before GARZA, HIGGINBOTHAM and SMITH, Circuit Judges.

GARZA, Circuit Judge:

Kevin P. Judge appeals from his conviction for distributing, traveling in interstate commerce to distribute, and conspiring to distribute a controlled substance. Finding that the Government failed to introduce evidence that the arresting officers followed standardized police procedures in conducting an inventory search of the appellant's automobile, we remand this case to the district court.

## I.

The charges brought against the appellant derive from two cocaine transactions. The first transaction began with a series of telephone calls between agents of the Drug Enforcement Administration (DEA) and Joe Frazer. Frazer arranged to travel to Fort Worth, Texas from New York to sell a sample of cocaine to one of the undercover agents. On June 16, 1986, Frazer delivered one ounce of pure cocaine to the agent. During the transaction Frazer made reference to the appellant as his "boss" in New York. The jury acquitted the appellant of the two charges relating to this transaction.

Sometime later, the same undercover agents negotiated with Frazer and the appellant about purchasing a larger quantity of cocaine. One of the agents spoke directly to the appellant in New York on two occasions. On June 23, the appellant met two of the agents in a restaurant in the Fort Worth area. The agents showed the appellant a roll of money which was represented as being $144,000. This sum was to be traded for the appellant's three kilograms of cocaine. The appellant contacted Frazer in New York, and subsequently told the agents that Frazer would drive the cocaine down to Texas from New York the following day. It was agreed at this meeting that Frazer would deliver the cocaine to one of the agents and that the appellant would be nearby to collect the money from the other agent.

On June 25, the same two agents met the appellant at the same restaurant. DEA agents observed the appellant drive to the restaurant and park his rented Lincoln Continental in the parking lot. The appellant made arrangements for one of the agents to meet Frazer at a local shopping mart to receive the cocaine while the other agent and the appellant remained at the restaurant.

When word was received that Frazer had been arrested with three kilograms of high grade cocaine, several agents then approached and arrested the appellant in the restaurant. While the appellant was handcuffed, one of the agents searched his clothing and removed his car keys from his hip pocket. Cash in the amount of $5,200 was found in the appellant's wallet.

The appellant's automobile was seized and inventoried in the restaurant's parking lot. The agents neither received consent nor obtained a search warrant for the seizure and inventory. Upon opening the trunk, the agents found a sealed bag which they opened. Among other things, the agents discovered $65,000 in currency in the bag.

After his indictment the appellant moved to suppress the $65,000. The district court denied the motion after hearing argument on the validity of the inventory. At trial, the money was admitted into evidence over objection that its seizure was violative of the appellant's fourth amendment protections.

Judge was convicted by a jury on three of five counts relating to the conspiracy, travel in interstate commerce, and distribution of cocaine in connection with the second transaction. The district court sentenced him to concurrent terms of twenty, twenty, and five years in prison, and fined him $10,000.

## II.

We are asked to consider whether the appellant's fourth amendment rights were compromised during the inventory search based on the Supreme Court's decision in *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). The Government maintains that the search and seizure of the appellant's automobile constituted an inventory search, and that

searches of closed containers in locked trunks of seized automobiles are permissible. However, the Government presented no evidence that such procedures were required by DEA regulations or that the decision to search a sealed bag in a locked trunk was not discretionary on the part of the agents conducting the search.

In *Bertine*, the Court set the parameters in which inventory searches of automobiles are justified under the Constitution. The inventory of a closed backpack which disclosed controlled substances, drug paraphernalia, and cash was held to be permissible in that case because the seized van was inventoried in accordance with local police procedures. Those procedures required a detailed inspection and inventory of all impounded vehicles. *Id.* at ——, 107 S.Ct. at 740. The *Bertine* Court emphasized that the trial court found that there were applicable police procedures which mandated the opening of closed containers in automobiles subject to inventory. *Id.* at —— n. 6, 107 S.Ct. at 742 n. 6. The inventory search was held to be reasonable because it was conducted according to standardized criteria. It is clear, however, that an inventory search is unreasonable if it is conducted "in bad faith or for the sole purpose of investigation." *Id.* at ——, 107 S.Ct. at 742. While the Court's majority opinion stressed that specific police procedures must be followed during an inventory search, the three justice concurrence also recognized:

> [I]t is permissible for police officers to open closed containers in an inventory search only if they are following standard police procedures that mandate the opening of such containers in every impounded vehicle. As the Court emphasizes, the trial court in this case found that the police department's standard procedures did mandate the opening of closed containers and the listing of their contents.

*Id.* at ——, 107 S.Ct. at 744 (Blackmun, J., concurring).

█ The appellant claims that because the district court did not have evidence before it showing that DEA regulations mandated the opening of his bag from a locked trunk, admission of the $65,000 was improper under the analysis in *Bertine*. The only testimony before the district court was that the standard procedure is to inventory seized vehicles either at the scene or at the Government's parking garage. At oral argument before this panel the Government's attorney conceded that he failed during the trial to present testimony that the agents relied upon standardized criteria mandating that closed containers be opened during an inventory search.

Because of the Government's failure to produce this evidence, we cannot tell whether the requirements of *Bertine* were followed to see whether the $65,000 should have been admitted into evidence. Police officers may open closed containers found within locked trunks while conducting routine inventory searches of impounded vehicles. However, such inventories must be conducted pursuant to standardized police caretaking procedures. *See United States v. Young*, 825 F.2d 60, 61 (5th Cir.1987); *United States v. Johnson*, 815 F.2d 309, 314 n. 6 (5th Cir.1987).

█ The Government has asked us to take judicial notice of certain regulations in the DEA's manual. We decline to take notice of the material appended to the Government's brief for two reasons. First, it is not part of the record which was sent up to us by the lower court. Second, according to Rule 201 of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. Arguably, application of the appended provisions to the facts presented here is subject to reasonable dispute. The Government, moreover, selectively reprinted portions of the manual. Thus, we are unaware of other provisions which may have a bearing on the facts presented here. Additionally, the selective reprinting does not give the appellant an adequate opportunity to challenge the ap-

plicability and administration of the provisions.

## III.

The appellant presents several other challenges on appeal. These challenges run the gamut from ineffective assistance of counsel, to excessive sentence, to claimed evidentiary errors. We find no merit in any of these other claims. The appellant also complains that the district court erred in admitting into evidence the $5,200 which was found in his wallet. We find no error.

## IV.

Because it was not established that *Bertine* was followed in this case, we RE-MAND this case to the district court for the limited purpose of allowing the government the opportunity to present to the court any procedures that the Drug Enforcement Administration has in inventorying the contents of a seized automobile and whether or not such procedures allow the agents to open such containers and so forth. If the court below should find that the DEA procedures do not mandate the opening of closed containers to inventory their contents, a new trial must be mandated and the $65,000 should be suppressed. If the court below finds that the standard procedures followed by DEA agents in making inventories is within the requirements of *Bertine* he should make such finding and evidence from which such finding was made must be sent to this court for use to determine its validity with the defendant having an opportunity within ten days of objecting to such finding. If we should find that the lower court was correct and that *Bertine* was complied with, we will affirm the conviction.

REMANDED.