**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40775

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus


RAUL MATA, JR.,

                              Defendant-Appellant.


Appeal from the United States District Court
For the Southern District of Texas
(C-94-CV-300)


June 27, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Raul Mata, Jr., appeals from the district court's denial of
his motion to vacate, set aside, or correct his sentence pursuant
to 28 U.S.C. § 2255.  Mata argues that the record is insufficient
to support his conviction under 18 U.S.C. § 924(c)(1).  Mata
further argues that he was rendered ineffective assistance of

---

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

counsel because his counsel coerced him into entering a guilty plea, failed to research and mount a proper defense, failed to object to the alleged illegal search of his truck and the seizure of the firearm, and failed to object to the Government's misstatements during the guilty plea regarding when the firearm was found. Finally, Mata argues that the district court erred in failing to conduct an evidentiary hearing.

Mata's argument that the evidence was insufficient to support his conviction for "using" or "carrying" a firearm in violation of § 924(c) is foreclosed by his guilty plea. *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 102 L. Ed. 2d 927 (1989). Insofar as Mata is challenging the factual basis for his plea in light of the recent Supreme Court opinion in *United States v. Bailey*, ___ U.S. ___, 116 S. Ct. 501, ___ L. Ed. 2d ___ (1995), we hold that *Bailey* does not undermine Mata's plea.[2] Mata pleaded guilty to both "using and carrying" a firearm in violation of § 924(c). The decision in *Bailey* only affected the definition of "use" under the statute. *See id.* at 509. The facts underlying Mata's plea still support his conviction for carrying a firearm in relation to a drug offense under § 924(c).[3] *See United States v.*

_____

[2] The Supreme Court decided *Bailey* after the district court rejected Mata's § 2255 motion but prior to this appeal. We reject Mata's claim without deciding whether *Bailey* should be applied to § 2255 motions filed prior to the decision in *Bailey*.

[3] Mata admitted during his plea that he carried the gun to protect his shipment of drugs, and the gun was found behind the driver's seat in the sleeper compartment of the truck.

-2-

*Fike*, No. 93-1797, 1996 WL 229346, at *12 (5th Cir. May 7, 1996) (discussing 924(c) and holding that by "placing a gun under the driver's seat of a car, then driving the car to another location, one has carried the gun").

Mata's remaining arguments are without merit. The district court did not abuse its discretion in failing to conduct an evidentiary hearing on Mata's claims. *See United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) (holding that evidentiary hearing is not necessary where claims can be resolved on the record and files before the district court). The district court did not err in determining that Mata's guilty plea was not coerced. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977) (holding that statements in open court carry strong presumption of truth, and may not be undermined by subsequent unsupported allegations). Mata's counsel was not ineffective for failing to research or present a defense to his § 924(c) charge. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984) (holding that to support a claim of ineffective assistance, defendant must show that counsel's performance was "outside the wide range of professionally competent assistance"). Mata's counsel was not ineffective for failing to object to the introduction of the firearm because the search did not violate the Fourth Amendment. *See United States v. Loaiza-Marin*, 832 F.2d 867, 868-69 (5th Cir.

1987) (upholding inventory search which resulted in the discovery of contraband). Finally, Mata has failed to establish that counsel's failure to object to the Government's misstatements during the guilty plea was in any way prejudicial. *See Strickland*, 466 U.S. at 697; 104 S. Ct. at 2069-70 (requiring the defendant to demonstrate "prejudice" to succeed on a claim of ineffective assistance).

We AFFIRM the district court's denial of Mata's 28 U.S.C. § 2255 motion. Having done so, Mata's motion for bail pending appeal is DENIED.