United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 02-30611
Summary Calendar

―――――――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMETT SPOONER, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-145-ALL-D
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

A jury convicted Emmett Spooner, Sr., of three counts of wire
fraud and three counts of mail fraud. The district court sentenced
him to thirty-three months' imprisonment and three years'
supervised release and ordered him to pay $29,198 in restitution.
Spooner's motion to take judicial notice of Louisiana case law is
DENIED.

Spooner who is proceeding <u>pro</u> <u>se</u> contends that the evidence
was not sufficient to prove that he used the mail to perpetrate a

―――――――――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fraud.  We view the evidence in the light most favorable to the Government and determine whether "'a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.'"  United States v. McCauley, 253 F.3d 815, 818 (5th Cir. 2001).  The Government produced sufficient evidence that Spooner induced insurance companies to mail or to deliver by private carrier, checks as settlement for claims in execution of a scheme to obtain money based on false representations.  See United States v. Wilson, 249 F.3d 366, 377 (5th Cir. 2001).

Spooner contends that he was denied his Sixth Amendment right to counsel.  He asserts that he did not waive his right to counsel and that he was denied due process because he was forced to proceed without counsel.  Spooner had a constitutional right to counsel as well as a constitutional right to waive counsel and represent himself.  United States v. Kizzee, 150 F.3d 497, 502 (5th Cir. 1998).  The record shows that Spooner executed a voluntary and knowing waiver of his right to counsel with a full understanding of the consequences of the waiver.  See id.; United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986).  Accordingly, any lack of assistance from the legal advisor in matters that occurred prior to his appointment as counsel of record for Spooner cannot constitute a Sixth Amendment violation.  United States v. Mikolajczyk, 137 F.3d 237 (5th Cir. 1998).

We do not consider Spooner's claims that his legal advisor who was appointed to represent Spooner following his conviction was

2

ineffective for failing to file a motion for new trial and at sentencing because the arguments were raised for the first time in a reply brief. See United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

Spooner has not briefed sufficiently the issue concerning probable cause for his arrest. See United States v. Trosper, 809 F.2d 1107, 1108 n.2 (5th Cir. 1987). Spooner argues that even if the arrest was proper, the Government had no justifiable reason to enter his parked vehicle without a warrant. The officer validly entered the vehicle pursuant to a community caretaking function to secure it and to prevent damage or theft of Spooner's property. See e.g., United States v. Ponce, 8 F.3d 989, 996 (5th Cir. 1993); United States v. Young, 825 F.2d 60, 61 (5th Cir. 1987).

Under the plain view exception to the warrant requirement, an officer may seize an item if there is a "practical, nontechnical probability that incriminating evidence is involved." United States v. Hill, 19 F.3d 984, 989 (5th Cir. 1994). Moreover, Spooner has not challenged the Government's assertion that any error resulting from the entry of the vehicle and the seizure of the legal files was harmless error. See United States v. Freeman, 685 F.2d 942, 958 (5th Cir. 1982). Spooner has not shown that the district court erred by denying his motion to suppress.

The district court's denial of Spooner's motion for a mistrial which was asserted because the Assistant United States Attorney's

referenced other alleged wrongs committed by Spooner and introduced evidence of such matters was not an abuse of discretion. See United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998) (citing Fed. R. Evid. 404(b)); United States v. Washington, 44 F.3d 1271, 1278 (5th Cir. 1995).

Spooner has not shown that the district court erred by denying his motions for expert witnesses and to dismiss the indictment. Spooner did not demonstrate more than the mere possibility of assistance from a requested expert. Moore v. Johnson, 225 F.3d 495, 503 (5th Cir. 2000). The indictment sufficiently informed Spooner of the charges against him. United States v. Hagmann, 950 F.2d 175, 182 (5th Cir. 1991). The record refutes Spooner's contention that the district court refused to allow him to recall government witnesses Page and Richards.

Spooner does not identify the evidence that he alleges was suppressed by the Government in violation of Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500(b). The record shows that Spooner could have obtained with reasonable diligence information regarding the insurance claims files. United States v. Ramirez, 810 F.2d 1338, 1343 (5th Cir. 1987). We do not consider Spooner's argument raised for the first time in the reply brief that the Government suppressed evidence relevant to the issue of restitution. United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

4

Spooner has not shown that the indictment was constructively amended by the inclusion of language that he was not licensed to practice law in the State of Louisiana. United States v. Holley, 23 F.3d 902, 912 (5th Cir. 1994). Prior to trial, the indictment was amended to correct Spooner's name.

Spooner has not demonstrated that the charge as a whole was deficient and resulted "in a likelihood of a grave mistake of justice," nor has he shown that any omission in the jury charge affected his substantial rights. See United States v. Parziale, 947 F.2d 123, 129 (5th Cir. 1991); United States v. Prati, 861 F.2d 82, 86 (5th Cir. 1988). The district court specifically instructed the jury regarding its consideration of Fed. R. Evid. 404(b) material. We do not consider Spooner's argument raised for the first time in the reply brief that the district court did not instruct the jury regarding Spooner's fiduciary relationship to the claimants. Jackson, 50 F.3d at 1340 n.7.

Spooner has not met his burden regarding his challenge to the use of his prior state convictions in the calculation of his criminal history category; accordingly, the district court did not abuse its discretion by relying on the information in the presentence report. United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995).

Spooner challenges the offense level increase pursuant to U.S.S.G. § 3C1.1 for obstruction of justice that was imposed

5

because he made material and false statements to the probation officer during the presentence investigation. We review the district court's findings on obstruction of justice for clear error. United States v. Ahmed, 324 F.3d 368, 371 (5th Cir. 2003).

Section 3C1.1, U.S.S.G., authorizes a two-level increase if the defendant willfully obstructed or impeded or attempted to impede or obstruct the administration of justice during the course of an investigation, prosecution, or sentencing of an offense of conviction, and the obstructive conduct related to the offense of conviction. The U.S.S.G. § 3C1.1 increase does not apply to all false statements; it applies only in the case of "material statements that significantly impede the investigation." Ahmed, 324 F.3d at 373 (emphasis in original).

There is no evidence in the record that Spooner's statements misled the probation officer in a manner that has traditionally been the basis for the U.S.S.G. § 3C1.1 enhancement. See id. Accordingly, we VACATE Spooner's sentence and REMAND to the district court for proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION DENIED.