**STATE of Texas, Appellant,**

v.

**Thomas Joseph STAUDER, II, Appellee.**

Nos. 11–07–00375–CR, 11–07–00376–CR.

Court of Appeals of Texas, Eastland.

July 31, 2008.

Discretionary Review Refused Nov. 19, 2008.

361

Jeffrey L. Van Horn, State Prosecuting Attorney, Austin, TX, Ricky B. Smith, District Attorney, District Attorney's Office, Lamesa, TX, for appellant.

Richard L. Wardroup, Law Office of Richard L. Wardroup, LLC, Attorneys at Law, Lubbock, TX, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Thomas Joseph Stauder, II was charged by indictment with the unlawful possession of a firearm by a felon [1] and possession of methamphetamine.[2] Stauder filed a motion to suppress in each case. The trial court granted the motions and suppressed any tangible evidence seized by officers in connection with the detention and arrest of Stauder—including a .45 caliber pistol, a marihuana cigarette, syringes, and a baggie containing a white crystal substance—

1. No. 11–07–00376–CR.

2. No. 11–07–00375–CR.

and any testimony relating to that evidence. The State appeals. We affirm.

In each case, the State presents one issue in which it contends that the trial court erred in suppressing the evidence.[3] In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

The trial court entered findings of fact and conclusions of law based upon the evidence presented at the hearing on the motions to suppress. The trial court's findings of fact are supported by uncontroverted evidence. Officer Howard Brown of the Lamesa Police Department stopped Stauder for failing to wear a seatbelt. During the traffic stop, Officer Brown observed that the registration sticker on Stauder's pickup had been altered and was, thus, "fictitious." *See* TEX. TRANSP. CODE ANN. § 502.409 (Vernon Supp.2007). Officer Brown arrested Stauder for this offense and had Stauder's pickup impounded. In preparation for the impoundment and towing of the pickup, Officer Brown, assisted by other officers (including a canine unit), conducted a search of the pickup—characterizing the search as an "inventory search." During the search, officers found a handgun and narcotics in an unlocked container in the bed of Stauder's pickup. Although the department had a written policy requiring that an inventory form be filled out, the officers failed to prepare an inventory list of the items located in Stauder's pickup. Lamesa Chief of Police Richard Garcia testified that, by failing to complete the inventory sheet, his officers failed to follow departmental policy when they inventoried Stauder's pickup.

The trial court concluded that the items should be suppressed because they were discovered during a warrantless search that lacked validity as an inventory based upon the officers' failure to follow the written policy and fill out an inventory form listing the contents of the pickup. The trial court also concluded that the search was conducted without probable cause or other exception to the warrant requirements of the Fourth Amendment and Article I, section 9 of the Texas Constitution.

 Under the inventory doctrine, police are permitted to search impounded vehicles to make an inventory of items in the car in order to protect the owner's property, to protect the police from claims for lost property, and to protect the police from dangerous contents. *Colorado v. Ber-*

---

**3.** We note that, although Stauder cited both the Texas and the Federal Constitutions as grounds for his motions to suppress and in his appellate brief, he has not differentiated between the two or contended that the Texas Constitution offers greater protection than the United States Constitution. *See Heitman v. State*, 815 S.W.2d 681, 690 n. 23 (Tex.Crim. App.1991); *see also Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex.Crim.App.1993) (where defendant fails to argue state constitutional claims separately from federal constitutional claims, the court will not make the arguments for defendant and need not address the state constitutional claims).

*tine,* 479 U.S. 367, 372, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman,* 428 U.S. 364, 369–70, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). An inventory search is constitutionally permissible as long as it is not a "ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). Inventories conducted pursuant to standard police procedures are considered reasonable under the Fourth Amendment. *See Opperman,* 428 U.S. at 372, 96 S.Ct. 3092. During an inventory search, police may open closed containers so long as they do so in accordance with standardized procedures. *See Diltz v. State,* 172 S.W.3d 681, 685 (Tex.App.-Eastland 2005, no pet.).

The State argues that the officers' failure to complete a written inventory list per standard police procedure did not render the inventory search invalid. The State cites the following cases in support of its position: *United States v. Loaiza–Marin,* 832 F.2d 867 (5th Cir.1987); *United States v. Mayfield,* 161 F.3d 1143 (8th Cir.1998); and *United States v. Trullo,* 790 F.2d 205 (1st Cir.1986). In *Loaiza–Marin,* an inventory search, which revealed cocaine hidden in the arrestee's pillow instead of valuables, was upheld even though the border patrol agent did not complete the inventory forms. 832 F.2d at 868–69. The agent testified that he was searching for valuables and that, upon the discovery of cocaine, he turned the arrestee over to drug enforcement agents and, therefore, had no reason to complete the inventory form. *Id.* In *Mayfield,* an inventory search of a car was upheld as valid where an inventory list was started at the scene but was not completed as it should have been; however, the seized items were listed on an evidence form and, according to the trooper's testimony, no other items of value were located in the car. 161 F.3d at 1145. In *Trullo,* although it was not clear

what procedures were or were not followed, the court stated that it would not hold that the "failure, technically, to follow the inventory form procedures for valuables meant it was not an inventory search." 790 F.2d at 206.

We note that our research revealed similar cases with differing outcomes: *United States v. Proctor,* 489 F.3d 1348 (D.C.Cir. 2007) (for inventory search to be reasonable, standard impoundment and inventory procedures must be followed); *United States v. Rowland,* 341 F.3d 774 (8th Cir. 2003) (holding that law enforcement's failure to follow standard procedures and record all property, thereby ensuring the safe return of that property, illustrated that inventory search was pretextual and a ruse for a general rummaging in order to discover incriminating evidence); and *United States v. Haro–Salcedo,* 107 F.3d 769 (10th Cir.1997) (holding that DEA search, conducted for investigatory purposes and without a written inventory form, could not be characterized as an inventory search). Most notable for our purposes is the case of *Gauldin v. State,* 683 S.W.2d 411 (Tex. Crim.App.1984), *overruled on other grounds by State v. Guzman,* 959 S.W.2d 631, 633 (Tex.Crim.App.1998). In *Gauldin,* as in the present case, the police had the authority to impound the vehicle in question. 683 S.W.2d at 415. The police, upon determining to impound Gauldin's vehicle, conducted a search of its contents. *Id.* At trial, Officer Estep testified that another officer had completed the inventory, but Officer Estep later testified that he did not know if an inventory had actually been completed. *Id.* at 415 n. 3. The Court of Criminal Appeals held, "In the absence of testimony regarding actual adherence to standard police inventory procedure, the State has not sustained its burden of proof." *Id.* at 415.

The Texas Court of Criminal Appeals has long held that, to be constitutional, an inventory search must not deviate from police department policy and that the State may satisfy its burden by showing (1) an inventory policy existed and (2) the policy was followed. *Moberg v. State,* 810 S.W.2d 190, 195 (Tex.Crim.App.1991); *Evers v. State,* 576 S.W.2d 46, 50 n. 5 (Tex. Crim.App.1978). In the present case, the inventory list was admittedly not performed in accordance with the standardized procedures or the written policy of the Lamesa Police Department, and there was no indication that nothing else of value (besides the contraband) was located in Stauder's pickup. Consequently, we hold that, because the State did not satisfy its burden of showing that the officers complied with the established inventory procedures, the trial court did not err in determining that the search of Stauder's pickup was an invalid inventory search. *See Gauldin,* 683 S.W.2d at 415. The trial court could have concluded that, based upon the officers' complete failure to fill out any inventory form as required, the inventory was merely a ruse to search Stauder's pickup.

In its brief, the State argues alternatively that the trial court erred in suppressing the evidence because it was seized during a search incident to a lawful arrest. When law enforcement officers make a lawful arrest, they may search, as incident to that arrest, the person arrested and the area within his immediate control. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). When the person arrested is a recent occupant of a vehicle, the passenger compartment of that vehicle may be searched incident to the person's arrest. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The State contends that the search incident to Stauder's arrest should extend to include a search of the bed of his pickup. The State, however, failed to meet its burden of proof on this issue.

The officers' testimony made it clear that the evidence was found during an "inventory" search, not a search incident to arrest. Furthermore, *Belton* authorizes a search of the passenger compartment of a vehicle, not the bed of a pickup. Although the bed of a pickup could potentially be within an arrestee's immediate control and, thus, searched in compliance with *Chimel* (such as where the arrestee has reached into the bed or placed an object in the bed), there was no evidence in this case that either the items seized or the area of the bed where the items were located was within Stauder's immediate control. The issue presented by the State in each case is overruled.

The orders of the trial court are affirmed.