Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                       Nos. 11-07-00375-CR & 11-07-00376-CR 

                                                    __________

 

                                       STATE OF TEXAS, Appellant

 

                                                             V.

 

                            THOMAS
JOSEPH STAUDER, II, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                     Trial
Court Cause Nos. 07-6639-X & 07-6640

 



 

                                                                   O
P I N I O N

 








Thomas
Joseph Stauder, II was charged by indictment with the unlawful possession of a
firearm by a felon[1] and
possession of methamphetamine.[2]  Stauder
filed a motion to suppress in each case.  The trial court granted the motions
and suppressed any tangible evidence seized by officers in connection with the
detention and arrest of Stauder B
including a .45 caliber pistol, a marihuana cigarette, syringes, and a baggie
containing a white crystal substance B
and any testimony relating to that evidence.  The State appeals.  We affirm.  

In
each case, the State presents one issue in which it contends that the trial
court erred in suppressing the evidence.[3] 
In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman
v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  Because the trial
court is the exclusive factfinder, the appellate court reviews evidence adduced
at the suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference
to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Id.  








The
trial court entered findings of fact and conclusions of law based upon the
evidence presented at the hearing on the motions to suppress.  The trial court=s findings of fact are
supported by uncontroverted evidence.  Officer Howard Brown of the Lamesa
Police Department stopped Stauder for failing to wear a seatbelt.  During the
traffic stop, Officer Brown observed that the registration sticker on Stauder=s pickup had been altered
and was, thus, Afictitious.@  See Tex. Transp. Code Ann. ' 502.409 (Vernon Supp.
2007).  Officer Brown arrested Stauder for this offense and had Stauder=s pickup impounded.  In
preparation for the impoundment and towing of the pickup, Officer Brown,
assisted by other officers (including a canine unit), conducted a search of the
pickup B
characterizing the search as an Ainventory
search.@  During the
search, officers found a handgun and narcotics in an unlocked container in the
bed of Stauder=s
pickup.  Although the department had a written policy requiring that an
inventory form be filled out, the officers failed to prepare an inventory list
of the items located in Stauder=s
pickup.  Lamesa Chief of Police Richard Garcia testified that, by failing to
complete the inventory sheet, his officers failed to follow departmental policy
when they inventoried Stauder=s
pickup.

The
trial court concluded that the items should be suppressed because they were
discovered  during a warrantless search that lacked validity as an inventory
based upon the officers=
failure to follow the written policy and fill out an inventory form listing the
contents of the pickup.  The trial court also concluded that the search was
conducted without probable cause or other exception to the warrant requirements
of the Fourth Amendment and Article I, section 9 of the Texas Constitution. 

Under
the inventory doctrine, police are permitted to search impounded vehicles to
make an inventory of items in the car in order to protect the owner=s property, to protect the
police from claims for lost property, and to protect the police from dangerous
contents.  Colorado v. Bertine, 479 U.S. 367, 372 (1987); South
Dakota v. Opperman, 428 U.S. 364, 369-70 (1976).  An inventory search is
constitutionally permissible as long as it is not a Aruse for a general rummaging in order to
discover incriminating evidence.@ 
Florida v. Wells, 495 U.S. 1, 4 (1990).  Inventories conducted pursuant
to standard police procedures are considered reasonable under the Fourth
Amendment.  See Opperman, 428 U.S. at 372.  During an inventory search,
police may open closed containers so long as they do so in accordance with
standardized procedures.  See Diltz v. State, 172 S.W.3d 681, 685 (Tex.
App.CEastland 2005, no
pet.).  








The
State argues that the officers=
failure to complete a written inventory list per standard police procedure did
not render the inventory search invalid.  The State cites the following cases
in support of its position: United States v. Loaiza-Marin, 832 F.2d 867
(5th Cir. 1987); United States v.  Mayfield, 161 F.3d 1143 (8th
Cir. 1998); and United States v. Trullo, 790 F.2d 205 (1st Cir. 1986). 
In Loaiza-Marin, an inventory search, which revealed cocaine hidden in
the arrestee=s pillow
instead of valuables, was upheld even though the border patrol agent did not
complete the inventory forms.  832 F.2d at 868-69.  The agent testified that he
was searching for valuables and that, upon the discovery of cocaine, he turned
the arrestee over to drug enforcement agents and, therefore, had no reason to
complete the inventory form.  Id.  In Mayfield, an inventory
search of a car was upheld as valid where an inventory list was started at the
scene but was not completed as it should have been; however, the seized items
were listed on an evidence form and, according to the trooper=s testimony, no other items
of value were located in the car.  161 F.3d at 1145.  In Trullo,
although it was not clear what procedures were or were not followed, the court
stated that it would not hold that the Afailure,
technically, to follow the inventory form procedures for valuables meant it was
not an inventory search.@ 
790 F.2d at 206.  

We
note that our research revealed similar cases with differing outcomes:  United
States v. Proctor, 489 F.3d 1348 (D.C. Cir. 2007) (for inventory search to
be reasonable, standard impoundment and inventory procedures must be followed);
United States v. Rowland, 341 F.3d 774 (8th Cir. 2003) (holding that law
enforcement=s failure
to follow standard procedures and record all property, thereby ensuring the
safe return of that property, illustrated that inventory search was pretextual
and a ruse for a general rummaging in order to discover incriminating
evidence); and United States v. Haro-Salcedo, 107 F.3d 769 (10th Cir.
1997) (holding that DEA search, conducted for investigatory purposes and
without a written inventory form, could not be characterized as an inventory
search).  Most notable for our purposes is the case of Gauldin v. State,
683 S.W.2d 411 (Tex. Crim. App. 1984), overruled on other grounds by State
v. Guzman, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998).  In Gauldin,
as in the present case, the police had the authority to impound the vehicle in
question.  683 S.W.2d at 415.  The police, upon determining to impound Gauldin=s vehicle, conducted a
search of its contents.  Id.  At trial, Officer Estep testified that
another officer had completed the inventory, but Officer Estep later testified
that he did not know if an inventory had actually been completed.  Id.
at 415 n.3.  The Court of Criminal Appeals held, AIn
the absence of testimony regarding actual adherence to standard police
inventory procedure, the State has not sustained its burden of proof.@  Id. at 415.  








The
Texas Court of Criminal Appeals has long held that, to be constitutional, an
inventory search must not deviate from police department policy and that the
State may satisfy its burden by showing (1) an inventory policy existed and (2)
the policy was followed.  Moberg v. State, 810 S.W.2d 190, 195 (Tex.
Crim. App. 1991); Evers v. State, 576 S.W.2d 46, 50 n.5 (Tex. Crim. App.
1978).  In the present case, the inventory list was admittedly not performed in
accordance with the standardized procedures or the written policy of the Lamesa
Police Department, and there was no indication that nothing else of value
(besides the contraband) was located in Stauder=s
pickup.  Consequently, we hold that, because the State did not satisfy its
burden of showing that the officers complied with the established inventory
procedures, the trial court did not err in determining that the search of
Stauder=s pickup was
an invalid inventory search.  See Gauldin, 683 S.W.2d at 415.  The trial
court could have concluded that, based upon the officers= complete failure to fill out any inventory
form as required, the inventory was merely a ruse to search Stauder=s pickup. 

In
its brief, the State argues alternatively that the trial court erred in
suppressing the evidence because it was seized during a search incident to a
lawful arrest.  When law enforcement officers make a lawful arrest, they may
search, as incident to that arrest, the person arrested and the area within his
immediate control.  Chimel v. California, 395 U.S. 752, 763 (1969). 
When the person arrested is a recent occupant of a vehicle, the passenger
compartment of that vehicle may be searched incident to the person=s arrest.  New York v.
Belton, 453 U.S. 454, 460 (1981).  The State contends that the search
incident to Stauder=s
arrest should extend to include a search of the bed of his pickup.  The State,
however, failed to meet its burden of proof on this issue.  

The
officers= testimony
made it clear that the evidence was found during an Ainventory@
search, not a search incident to arrest.  Furthermore, Belton authorizes
a search of the passenger compartment of a vehicle, not the bed of a pickup. 
Although the bed of a pickup could potentially be within an arrestee=s immediate control and,
thus, searched in compliance with Chimel (such as where the arrestee has
reached into the bed or placed an object in the bed), there was no evidence in
this case that either the items seized or the area of the bed where the items
were located was within Stauder=s
immediate control.  The issue presented by the State in each case is
overruled.  

The
orders of the trial court are affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE 

 

July 31, 2008

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]No. 11-07-00376-CR.





[2]No. 11-07-00375-CR.





[3]We note that, although Stauder cited both the Texas and
the Federal Constitutions as grounds for his motions to suppress and in his
appellate brief, he has not differentiated between the two or contended that
the Texas Constitution offers greater protection than the United States
Constitution.  See Heitman v. State, 815 S.W.2d 681, 690 n.23 (Tex.
Crim. App. 1991); see also Muniz v. State, 851 S.W.2d 238, 251-52 (Tex.
Crim. App. 1993) (where defendant fails to argue state constitutional claims
separately from federal constitutional claims, the court will not make the
arguments for defendant and need not address the state constitutional claims).