[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

_____

No. 10-12999
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00008-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS WESTERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 17, 2011)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

In the district court, Nicholas Westerman, acting pursuant to Federal Rule of

Criminal Procedure 11(a)(2), entered conditional plea of guilty to possession with

intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(viii). He entered the appeal under Rule 11(a)(2) so he could obtain appellate review of the district court's order denying his motion to suppress evidence. He contends that the district court erred in concluding that the search of his vehicle was a valid inventory search. He also contends that the court erred in concluding that the exclusionary rule should not apply to the evidence seized from his vehicle because the searching officers reasonably relied on this court's pre-*Arizona v. Gant*, 556 U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), precedent regarding searches incident to arrest.

When a defendant appeals the denial of a motion to suppress, we review the district court's factual findings for clear error and its application of the law to those facts *de novo*. *United States v. Epps*, 613 F.3d 1093, 1097 (11th Cir. 2010). The Supreme Court has explained that police officers may carry out warrantless inventory searches of vehicles or other property lawfully in police custody, provided that the search is conducted "according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Colorado v. Bertine*, 479 U.S. 367, 371, 375, 107 S.Ct. 738, 741, 743, 93 L.Ed.2d 739 (1987). The reasonableness of an inventory search depends on the particular facts and circumstances of the case. *United States v. Laing*, 708 F.2d 1568, 1571

(11th Cir. 1983). The government must establish, first, that the officers had the authority to impound the defendant's vehicle, and second, that the officers complied with departmental policy in conducting the search. *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991).

An officer's failure to complete a written inventory form does not necessarily invalidate an inventory search. *See United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir. 1985) (concluding that the searching officer's failure to complete a written inventory did not render the search of the defendant's briefcase unreasonable). The Fifth Circuit addressed a factual situation similar to this case in *United States v. Loaiza-Marin*, 832 F.2d 867 (5th Cir. 1987). In *Loaiza-Marin*, a border patrol agent conducted an inventory search of the defendant's suitcase and discovered that it contained bags of cocaine. *Id.* at 868. The agent then turned the defendant and the drugs over to the Drug Enforcement Administration ("DEA"). *Id.* The Fifth Circuit held that the border patrol agent's failure to complete a written inventory form, as required by Border Patrol policy, did not render the search unreasonable because the agent had turned the evidence over to DEA agents, and, therefore, the agent had no reason to complete the inventory form. *Id.* at 869.

In this case, the district court did not clearly err in finding that the impound

and inventory search of Westerman's vehicle were conducted in accordance with the Atlanta Police Department's Standard Operating Procedures. Because the district court properly determined that the search of the vehicle was a valid inventory search, we need not address the district court's alternative holding that the good-faith exception to the exclusionary rule applied.

AFFIRMED.