F I L E D
United States Court of Appeals
Tenth Circuit

SEP 11 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSE SANDOVAL,

Defendant-Appellant.

No. 97-4101
(D.C. No. 96-CR-0010W)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jesse Sandoval entered a plea of guilty to possession of a controlled substance with intent to distribute, reserving the right to appeal the district court's denial of his motion to suppress evidence found in a suitcase located in a vehicle used to facilitate an illegal drug transaction. On appeal, defendant argues that the arresting officers lacked probable cause to arrest him and his suitcase was searched illegally. We affirm.

Based on information provided by a confidential informant, law enforcement officers arranged to purchase a quantity of methamphetamine. The transaction was arranged to take place in a motel in Ogden, Utah, on March 5, 1996. Two vehicles and four or five persons were expected to deliver the drugs. At the appointed time, defendant arrived in one of two vehicles traveling together. While one of his companions went into the motel room, defendant and two others stayed outside to keep watch. After the undercover officers in the motel room showed the supplier the money for the methamphetamine and tested a sample of the drug, he went back to the vehicles to get the rest of the methamphetamine. Two suppliers returned to the motel room where they were arrested. Word was sent to officers outside the motel to arrest the other participants. Defendant tried to run away, but was arrested. Thereafter, the officers impounded both vehicles and conducted an inventory search of the vehicles and their contents, in accordance with the Ogden City Police Department impound and inventory policy.

During the inventory, methamphetamine was discovered in a suitcase apparently belonging to defendant.

Following an evidentiary hearing, the magistrate judge found that the officers had probable cause to arrest defendant as an aider and abetter, defendant lacked standing to challenge the impound of the vehicle, the government conceded defendant's standing to challenge the search of the suitcase, and the official impound policy permitted opening the suitcase located in the vehicle. The magistrate judge recommended denying defendant's motion to suppress the methamphetamine in the suitcase. The district court adopted the magistrate judge's recommendation.

"In reviewing the district court's denial of a motion to suppress, we examine the court's findings of fact for clear error, viewing all facts in the light most favorable to the government, but review de novo the reasonableness of the seizure and search." United States v. Haro-Salcedo, 107 F.3d 769, 771 (10th Cir. 1997). It is within the district court's province to evaluate witness credibility, to decide what weight to give to the evidence, and to draw reasonable inferences from the evidence. See United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).

Defendant claims the arresting officers lacked probable cause to arrest him because he was merely present at the scene of a crime. He also challenges the

inventory search of his suitcase located in the vehicle, claiming that because the officers did not have probable cause to arrest him, the vehicle should not have been impounded and subsequently subjected to an inventory search.

> A warrantless arrest for a felony normally is permissible as long as the arresting officer has probable cause. The proper probable cause inquiry asks whether at the time of the arrest the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. Probable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest.

United States v. Klein, 93 F.3d 698, 701 (10th Cir. 1996) (quotations and citations omitted).

After carefully reviewing the record, we hold that the authorities had probable cause to arrest defendant. He had arrived at the motel with the person who carried the drugs into the motel room, he had conferred and congregated with the other participants in the drug transaction, he had conducted counter-surveillance to facilitate the illegal transaction, and he had attempted to run away from the scene when police officers made themselves known. Defendant's actions demonstrated that he had willfully "associate[d] himself with the criminal venture and [sought] to make it succeed through some action on his part." United States v. McKneely, 69 F.3d 1067, 1072 (10th Cir. 1995) (quoting United States v. Esparsen, 930 F.2d 1461, 1470 (10th Cir. 1991)). Defendant's conduct was

sufficient for a prudent officer to believe that he was aiding and abetting the illegal drug transaction. See id.

Defendant next argues that the search of the suitcase without a warrant violated his Fourth Amendment rights. The government conceded that defendant had standing to challenge the search of the suitcase, but argued that the search was a proper inventory search.

"An inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment, designed to effect three purposes: protection of the owner's property, protection of the police against claims of lost or stolen property, and protection of the police from potential danger." Haro-Salcedo , 107 F.3d at 772 (citations omitted). To be reasonable under the Fourth Amendment, an inventory search must be conducted according to standardized procedures. See id. Police officers may search closed containers in an impounded vehicle pursuant to sufficiently regulated inventory procedures. See Colorado v. Bertine , 479 U.S. 367, 374-75 (1987).

The official inventory search procedure in his case required that all closed containers located in an impounded vehicle be opened. We conclude that the procedure was sufficiently standardized and regulated to meet constitutional requirements. Accordingly, the inventory search of defendant's suitcase did not violate the Fourth Amendment.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge