**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MASON L. HARDY,

Defendant-Appellant.

No. 98-4017
(D.C. No. 96-CR-276-G)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges. **

Defendant Mason L. Hardy entered a conditional plea of guilty to a

three-count indictment charging him with possession of controlled substances

with intent to distribute, and aiding and abetting. Defendant reserved the right to

appeal the district court's denial of his motion to suppress evidence obtained

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

during a traffic stop. On appeal, Defendant argues that the search of his luggage located in the trunk of the rental car he was driving was not consensual, not based on reasonable suspicion, and not within the scope of a permissible inventory search. He further maintains the evidence was not admissible under the inevitable discovery doctrine. We affirm the district court's decision to deny Defendant's motion to suppress, but on a ground different than that upon which the district court relied. See United States v. Bunner, 134 F.3d 1000, 1005 (10th Cir.), petition for cert. filed April 24, 1998 (court of appeals may affirm on any ground supported by the record).

I.

An Emery County, Utah sheriff's deputy stopped Defendant for speeding. A computer check revealed that the automobile was rented and that neither Defendant nor his passenger was authorized to drive it. The deputy contacted the car rental company, which requested that the car be impounded. The rental company also consented to a search of the car. When the deputy informed Defendant that the car would be impounded and he and his passenger would be driven to a bus station to continue their trip, Defendant became visibly upset and began removing numerous items from the car, including a black bag from the trunk. After Defendant placed the black bag on the pavement, he began to remove articles from it when the deputy specifically asked him if the bag

2

contained any weapons. Promptly thereafter, the deputy ordered defendant to stop reaching into the bag. Defendant then stepped away from the bag. Immediately thereafter, the deputy looked in the bag and discovered the narcotics. The deputy arrested Defendant. Defendant filed a motion to suppress, alleging the deputy's search of the black bag violated his Fourth Amendment rights. [1]

After an evidentiary hearing, the district court ruled that the black bag would have been opened and searched in the course of an inventory search of the car. Thus, although the deputy inspected the contents of the bag before the inventory search, the district court concluded that the evidence inevitably would have been discovered. See United States v. Haro-Salcedo, 107 F.3d 769, 773 (10th Cir. 1997) (if evidence seized unlawfully would have been inevitably discovered pursuant to a legal search, such evidence is admissible) (citing Nix v. Williams, 467 U.S. 431, 444 (1984)). Therefore, the district court ruled the evidence admissible and denied Defendant's motion to suppress.

In reviewing the district court's denial of a motion to suppress, we examine the court's findings of fact for clear error, viewing all facts in the light most

---

[1] Although Defendant lacks standing to object to any search of the car because he did not prove he had lawful possession of it at the time of the stop, e.g., United States v. Miller, 84 F.3d 1244, 1249-50 (10th Cir. 1996), overruled on other grounds by United States v. Holland, 116 F.3d 1353 (10th Cir. 1997), Defendant has standing to challenge the search of his personal luggage. See United States v. Martinez, 983 F.2d 968, 973 (10th Cir. 1992).

3

favorable to the government, but review de novo the reasonableness of the seizure and search. Haro-Salcedo, 107 F.3d at 771. We may affirm a district court's holding on grounds not relied on by the district court, so long as the record is sufficient to permit conclusions of law. See Bunner 134 F.3d at 1005. Our review of the record compels us to conclude that the deputy's search of the black bag was permissible for reasons other than an inevitable inventory search.

## II.

A police officer may conduct a limited search for weapons if he "possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." Michigan v. Long, 463 U.S. 1032, 1049 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)) (footnote omitted)). Where a police officer has reason to believe that he is dealing with an armed and dangerous individual, he may conduct a reasonable search for weapons for his own protection, even if he does not have probable cause for arrest, and even if he is not certain that the individual is armed. See Terry, 392 U.S. at 27. The question is whether a reasonably prudent officer drawing reasonable inferences from the facts in light of his experience would believe his safety was in danger. See id.

4

In this case, Defendant became visibly upset when the deputy informed him that the car would be impounded. Defendant attempted to argue with the deputy about impounding the car. He angrily tossed his belongings from the car onto the pavement. At the hearing, the deputy testified that he was "very concerned that [Defendant] would become confrontational" because he was "becoming increasingly agitated." R. Supp. Vol. V at 25. The deputy further testified that he informed Defendant that for the deputy's own safety he would check the black bag for weapons. See id. at 15.

The deputy was justifiably concerned for his safety because of Defendant's obvious distress and erratic behavior. As the Supreme Court stated in Long, 463 U.S. at 1049, "roadside encounters between police and suspects are especially hazardous, and . . . danger may arise from the possible presence of weapons in the area surrounding a suspect." The black bag was within Defendant's reach and large enough to contain a weapon. The deputy properly restricted his search "to those areas to which [defendant] would generally have immediate control, and that could contain a weapon." Id. at 1050. Accordingly, we hold that the deputy's search of the black bag was reasonable because he was justifiably concerned for his safety in checking the bag for weapons.

5

The judgment of the United States District Court for the District of Utah

is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge