**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GINO CECALA,

      Defendant-Appellant.

No. 99-4049

(D.C. No. 97-CR-52-K)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **BRORBY**, Circuit Judges.

The issue in this case is whether a police officer's warrantless search of Defendant's suitcase, located in the open bed of his impounded pickup truck, three hours after the initial stop of his truck, constituted a valid inventory search within the inventory search exception to the Fourth Amendment's warrant requirement. We uphold the validity of the search.

I.

The relevant facts are not in dispute. Around 11:45 p.m. on December 16, 1996,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Officer Robert Howe of the Utah Highway Patrol (UHP) stopped Defendant Gino Cecala's oversized pickup truck in West Valley City, an area near Salt Lake City, due to apparent equipment violations. Officer Howe subsequently arrested Cecala for driving under the influence of alcohol and cocaine. Meanwhile, two additional police officers, Craig Gaines and John McMahon, arrived on the scene to assist Howe. Officer Howe asked McMahon to inventory the pickup (as required by UHP General Order No. 83-09) and fill out an inventory, or impound form.[1] Officer McMahon inventoried the contents of the truck's cab, but inadvertently failed to inventory the contents of the truck's bed.

Officer McMahon completed the inventory form and gave it to Officer Howe at the scene. McMahon then left prior to the arrival of the tow truck. About two hours later, as Howe reviewed the form with Officer Gaines, he noticed that the suitcase located in the bed of Cecala's pickup did not appear on the inventory. Officer Gaines phoned Officer McMahon to inquire about the suitcase. Gaines expressed his belief that the suitcase might contain contraband. McMahon informed him that he had forgotten to inventory the suitcase. Gaines next phoned the privately-owned impound yard to secure the pickup until he could inventory the suitcase. Officer Gaines arrived at the impound yard and inventoried the suitcase approximately three hours after Officer Howe's initial

---

[1] UHP General Order No. 83-09 provides in relevant part that "[w]hen a vehicle is taken to any police parking lot, impound lot or to any commercial storage lot, a case number shall be assigned and a written inventory shall be made of the contents of the vehicle, the trunk and any open or closed package, container or compartment."

2

stop of the pickup. Inside the suitcase, Officer Gaines found bundles of marijuana, resulting in Cecala's indictment.

Following a suppression hearing at which all three officers testified, a United States Magistrate Judge, in a thorough report and recommendation, recommended denial of Cecala's motion to suppress. The district court adopted the report and recommendation in its entirety. Cecala entered a conditional plea of guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), reserving his right to appeal the district court's denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). Our jurisdiction arises under 28 U.S.C. § 1291. In reviewing the denial of a motion to suppress, we accept the district court's factual findings unless they are clearly erroneous, but review de novo the court's ultimate determination of reasonableness under the Fourth Amendment. United States v. Ozbirn, 189 F.3d 1194, 1197 (10th Cir. 1999). Applying this standard, we affirm.

II.

Inventory searches of impounded vehicles are a well-defined exception to the Fourth Amendment's warrant requirement. See United States v. Haro-Salcedo, 107 F.3d 769, 772 (10th Cir. 1997). An inventory search may be "reasonable" even though conducted without a warrant supported by probable cause. Colorado v. Bertine, 479 U.S. 367, 371 (1987). When a vehicle is impounded, an inventory of its contents is reasonable if undertaken in good faith pursuant to standard police procedures. South

3

Dakota v. Opperman, 428 U.S. 364, 372 (1976). The reasonableness of such procedures arises from three distinct needs: (1) protection of the owner's property while in police custody; (2) protection of the police against claims or disputes over lost or stolen property; and (3) protection of the police and public from potential danger. Id. at 369.

An inventory search "must not be a ruse for a general rummaging in order to discover incriminating evidence." Florida v. Wells, 495 U.S. 1, 4 (1990). Rather, an inventory search is an administrative procedure designed to produce an inventory. United States v. Blaze, 143 F.3d 585, 592 (10th Cir. 1998). An inventory search "undertaken in bad faith or for the sole purpose of investigation" cannot be sustained. Bertine, 479 U.S. at 372 (emphasis added). Accord Haro-Salcedo, 107 F.3d at 772-73. As the district court properly noted, however, an inventory search may be justified by a legitimate inventory purpose despite an officer's subjective desire to uncover criminal evidence. E.g., United States v. Frank, 864 F.2d 992, 1001 (3d Cir. 1988); United States v. Judge, 864 F.2d 1144, 1147 (5th Cir. 1989); United States v. Lewis, 3 F.3d 252, 254 (8th Cir. 1993); United States v. Bowhay, 992 F.2d 229, 231 (9th Cir. 1993); United States v. Roberson, 897 F.2d 1092, 1096 (11th Cir. 1990).

### III.

On appeal, Cecala challenges the validity of the inventory search on two grounds, namely, that the search (1) was not conducted in compliance with existing standard police procedures and (2) was a subterfuge for an investigative purpose. As to Cecala's first

4

contention, UHP General Order 83-09, see supra, note 1, plainly authorized the inventory search of Cecala's pickup at the private impound lot, including the suitcase located in the bed of the truck. Officer McMahon initially searched the cab of the truck and prepared a written inventory. Due to McMahon's inadvertent failure to inventory the suitcase and include it on the report, Officer Gaines proceeded to the lot to complete the inventory while the pickup was still under seizure. Nothing in the mandated procedures prohibited Gaines from completing the inventory in this manner at the later time. Despite Cecala's contrary assertion, Officer Gaines' subsequent failure to add the contents of the suitcase to the inventory list did not affect the validity of the search, for at that stage Gaines had conducted, pursuant to proper police procedures, a valid inventory search that uncovered illegal contraband. Officer Gaines properly listed the suitcase and its illegal contents in his police report.

Cecala's second contention, that Officer Gaines undertook an unlawful investigative search rather than a lawful inventory search, is likewise unavailing. The district court found that Cecala's pickup was transported to an unsecured private impound lot in a high crime area. Because the police were responsible for the suitcase and its contents at the lot, the need for an inventory existed to protect both the property and the police from a claim of loss or theft. Moreover, Officer Gaines expressed belief that the suitcase might contain contraband does not alter our conclusion that he properly undertook an inventory search of the suitcase. While mixed motives or suspicions

5

undoubtedly exist in many inventory searches, such motives or suspicions alone will not invalidate an otherwise proper inventory search.  See supra at 4.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge