UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4803

SHIRMON RICHARDSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Joseph F. Anderson, Jr., District Judge.
(CR-98-830)

Submitted: August 22, 2000

Decided: September 5, 2000

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. J. Rene Josey, United States
Attorney, Nancy C. Wicker, Assistant United States Attorney, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Shirmon Richardson was convicted of possession with intent to distribute crack cocaine, possession with intent to distribute powder cocaine, and possession with intent to distribute marijuana, all in violation of 18 U.S.C.A. § 841(a)(1) (West 1999). Richardson appeals his convictions, arguing that the district court erred when it denied his motion to suppress and that the evidence was insufficient to establish the element of possession. We affirm.

I

Calhoun County Deputy Sheriff Forrest Crider testified that on the night of November 19, 1997, he and Reserve Officer Jim Parker observed a pickup truck weaving in the road. Crider initiated a traffic stop. Richardson, the owner, driver, and sole occupant of the truck, informed Crider that he did not have a valid driver's license. Crider noticed beer in the truck and saw a cooler. Richardson gave Crider consent to search the cooler. Inside the cooler was a bottle containing moonshine whiskey. Richardson was arrested for driving without a license and possession of untaxed liquor.

Richardson was transported to the Orangeburg County Law Enforcement Complex. His truck was towed to an impound lot. Crider was informed that two packages of cocaine had been found in Richardson's hat. Crider returned to the Calhoun County Sheriff's Department, where he met Deputy Sheriff Lin Shirer, who was assigned to a four-county narcotics task force. Shirer, Crider, and Parker then went to the impound lot where an inventory search of the truck was conducted. Under the hood of the truck, Shirer discovered marijuana, crack, and powder cocaine.

II

Richardson moved to suppress the drugs found during the search of his truck. The district court denied the motion, finding that the search was a valid inventory search and that, alternatively, the officers

2

had probable cause to search the truck. Richardson now challenges that ruling. We review the district court's legal conclusions de novo and its factual findings for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

Both Shirer and Crider testified at the suppression hearing that it was Sheriff's Department policy to conduct a "bumper-to-bumper" inventory search of impounded vehicles. This policy exists to protect the impound lot, the owner of the vehicle, and the Sheriff's Department. Such searches routinely include opening and looking under the hood of the vehicle.

"An inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment . . . designed to effect three purposes: protection of the owner's property, protection of the police against claims of lost or stolen property, and protection of the police from potential danger." United States v. Haro-Salcedo, 107 F.3d 769, 772-73 (10th Cir. 1997). If an inventory search is conducted according to standard departmental policies and not as a ruse for an impermissible search, the search does not violate the Fourth Amendment, and evidence seized during the search is admissible at trial. See Florida v. Wells, 495 U.S. 1, 3-5 (1990); United States v. Brown, 787 F.2d 929, 932 (4th Cir. 1986).

Here, there is no dispute that Richardson's truck was properly impounded. The district court credited the testimony of Crider and Shirer that they conducted the search of Richardson's truck in accordance with established departmental procedures. Richardson asserts that the inventory search was a pretext for an otherwise unconstitutional investigatory search. As support for his argument, Richardson states that no inventory list was produced. Further because the Sheriff's Department had received anonymous tips that Richardson transported drugs under the hood of the truck, there was an increased likelihood that the search was conducted in an effort to locate illegal drugs. An officer's expectation of uncovering evidence of crime will not vitiate an otherwise proper inventory search. See United States v. Gallo, 927 F.2d 815, 819-20 (5th Cir. 1991). Further, because Crider and Shirer initiated the inventory search of the truck in accordance with an established Sheriff's Department policy, the failure to com-

3

plete an inventory list does not render suspect either the motive for conducting the search or the reasonableness thereof.*

III

Richardson also contends that the evidence was insufficient to convict him because there was no showing that he possessed the drugs. Possession may be actual or constructive. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). "A person has constructive possession over contraband when he has ownership, dominion, or control over the contraband itself or over the premises or vehicle in which it was concealed." United States v. Armstrong , 187 F.3d 392, 396 (4th Cir. 1999). Here, Richardson was the registered owner, driver, and sole occupant of a truck in which crack, powder cocaine, and marijuana were secreted. This is sufficient to establish possession beyond a reasonable doubt. See Glasser v. United States , 315 U.S. 60, 80 (1942).

IV

We accordingly affirm Richardson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*Because the drugs were discovered during a valid inventory search, we need not address Richardson's contention that the officers lacked probable cause to search the truck.

4