United States v. Andas-Gallardo, No. 99-4015

Henry, J., concurring in part and dissenting in part,

I agree with the majority that the district court did not err in denying the defendant's motion to suppress the evidence found in the trash outside his residence. However, I do not agree that the government established that the impoundment of the defendant's car was reasonable. I would therefore reverse the district court's denial of the motion to suppress on that basis.

As the majority notes, the validity of an impoundment is generally assessed under Fourth Amendment standards of reasonableness. See United States v. Haro-Salcedo, 107 F.3d 769, 770-72 (10th Cir. 1997). Police may impound vehicles in the interests of public safety and as part of their community caretaking functions. See South Dakota v. Opperman, 428 U.S. 364, 368 (1976). In order to comport with the Fourth Amendment, an impoundment must be consistent with the exercise of those functions or supported by probable cause. See United States v. Duguay, 93 F.3d 346, 352 (7th Cir. 1996) (citing Opperman, 428 U.S. 370 n.5) ("An impoundment must either be supported by probable cause, or be consistent with the police role as 'caretaker' of the streets and completely unrelated to an ongoing criminal investigation."). It is the government that bears the burden of demonstrating the validity of the impoundment. See United States v. Ibarra, 955 F.2d 1405, 1409 (10th Cir. 1992).

In assessing the validity of an impoundment, we have considered several factors.

In instances in which impoundment was supported by state statute, we have concluded that it was reasonable, see Haro-Salcedo, 107 F.3d at 771, but we have reached the opposite conclusion when the government failed to prove that state law authorized the police action, see Ibarra, 955 F.2d at 1409. In an instance in which the owner of the car was able to provide for the removal of the vehicle, thereby rendering impoundment unnecessary, we found the police action unreasonable. See United States v. Pappas, 735 F.2d 1232, 1234 (10th Cir. 1984).

In this case, Detective Howell testified that he made the decision to impound Mr. Andas-Gallardo's car because he had been arrested and because impoundment was necessary to protect the car and its contents. In finding this decision to be reasonable, the district court cited the following factors: (1) there was no evidence in the record as to what steps the video store would have taken to remove the defendant's car from the parking lot; (2) there was no one present at the time of Mr. Andas-Gallardo's arrest who could have taken possession of his car, and there was no indication of how long it would have taken a friend or a family member to take possession of the car; (3) there was nothing in the record to indicate how safe the car would have been if the police had left it there after arresting Mr. Andas-Gallardo; and, finally (4) Detective Howell knew that Mr. Andas-Gallardo was a suspect in a shooting and often carried a gun with him.

In my view, those factors do not establish that the impoundment was reasonable. As to the first three factors, I agree with the district court's assessment of the record's

2

deficiencies. However, because it is the government that has the burden of proof, those deficiencies should be held against the government rather than the defendant. Thus, it was the government's burden to demonstrate that the steps that the video store would have taken if the car had been left in its parking lot supported its removal by the police. It was also the government's burden to demonstrate that no one was available to remove the car for Mr. Andas-Gallardo and that the car would not have been safe if it had been left in the parking lot. The fact that the record does not contain sufficient evidence as to those matters indicates that the government failed to prove that the impoundment was reasonable.[1]

As to the detectives' suspicion that Mr. Andas-Gallardo's car might have contained a gun, I do not think that the applicable decisions authorize the police to impound a vehicle based on what they suspect it contains. In these circumstances, to allow such a suspicion to justify impoundment would permit law enforcement officials to circumvent the well-established requirements for searching vehicles (i.e., probable cause that it contains contraband or a lawful arrest of the occupants). See Colorado v. Bertine, 479 U.S. 367, 375 (1987) (stating that decisions authorizing impoundment do not

---

[1] Moreover, other evidence in the record suggests that it may have been feasible for someone to have retrieved Mr. Andas-Gallardo's car. Upon questioning from the magistrate judge, Detective Howell stated that the video store was seven to eight blocks from Mr. Andas-Gallardo's residence. See Rec. supp. vol. I, at 38. Mr. Andas-Gallardo testified that he asked the detectives about having his car picked up, but there is no indication that they considered this request.

3

"prohibit[] the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of <u>something other than suspicion of evidence of criminal activity</u>") (emphasis added); <u>Pappas</u>, 735 F.2d at 1234 (concluding that "<u>Opperman</u> cannot be used to justify the automatic inventory of every car upon the arrest of its owner"); <u>United States v. Donnes</u>, 752 F. Supp. 411, 421 (D. Wyo. 1990) (stating that "[a]n inventory search of a vehicle is not a weapon to be used by law enforcement to contravene the constitution by nullifying the warrant requirement" and concluding that an impoundment "suggested as an investigatory measure, and on the basis of suspicion of evidence of criminal activity" was unreasonable). Here, the government does not argue that the detectives' suspicion that Mr. Andas-Gallardo's vehicle contained a gun provided them with probable cause. As a result, the lesser degree of suspicion on which the district court relied does not provide justification for the search.

In summary, I agree with the Seventh Circuit that "[t]he decision to impound an automobile, unless it is supported by probable cause of criminal activity, is only valid if the arrestee is otherwise unable to provide for the speedy and efficient removal of the car from public thoroughfares or parking lots." <u>Duguay</u>, 93 F.3d at 353. Because the government did not prove that Mr. Andas-Gallardo was unable to provide for such speedy and efficient removal, I would reverse the district court's denial of his motion to suppress

on that ground.[2]

---

[2] I disagree with the majority that <u>Duguay</u> provides modest support for its position. Although the Seventh Circuit noted that, under Illinois law, impoundments have been upheld when the driver was the sole occupant of the car and was legitimately arrested, <u>see</u> 93 F.3d at 354 n.3, it also observed that there must be standardized criteria regarding the circumstances in which a car may be impounded, <u>see</u> <u>id</u>. at 351. Accordingly, I do not think we are allowed to rely on the criteria established by Illinois law to justify the impoundment here. Instead, we must assess the justification for impoundment that the Utah law enforcement officers actually offered—that impoundment was necessary to protect Mr. Andas-Gallardo's car and its contents.

Moreover, the Seventh Circuit also observed that impoundments have been affirmed in "circumstances in which the arrestee could not provided for speedy and efficient removal of the car." <u>Id.</u> at 354 n.3. The government did not establish that Mr. Andas-Gallardo was afforded that opportunity.