**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY ANTHONY SANDOS,

    Defendant - Appellant.

No. 03-4037
(D.C. No. 02-CR-377-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Mr. Sandos appeals from the district court's denial of his motion to suppress, arguing that the impoundment of his vehicle violated the Fourth Amendment and a firearm discovered as a result of an inventory search should have been suppressed. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## Background

Mr. Sandos was charged with possession of a firearm by a convicted felon (Count I), and possession of ammunition by a convicted felon (Count II), both in violation of 18 U.S.C. § 922(g)(1). I R. Doc. 1. After the district court denied his motion to suppress (Id. Docs. 16 & 21), Mr. Sandos entered a conditional plea of guilty to Count I of the indictment, preserving his right to appeal the district court's ruling on his motion to suppress. Id. Doc. 24. The district court sentenced him to 37 months imprisonment, to be followed by a term of 36 months of supervised release, and dismissed Count II of the indictment. Id. Doc. 29.

On April 17, 2002, at approximately 11:00 p.m., police officers Casey Heaton and James Troy McCombe responded to a third-party's home in Murray, Utah, on a complaint that a stranger, later determined to be Mr. Sandos, had entered the home uninvited. II R. at 20-22. The officers believed Mr. Sandos to be under the influence of alcohol or drugs.

The officers learned that a warrant with a $75,000 bond requirement was outstanding for Mr. Sandos. Id. at 22-23. He was taken into custody and placed in the patrol car. Mr. Sandos's vehicle was parked in the driveway of the residence. Id. at 18. The officers impounded the vehicle because it was parked in the complainant's driveway and because Mr. Sandos was impaired by alcohol and being taken into custody. Id. at 25.

Officer McCombe testified at the suppression hearing that the Murray City Police Department had an impound policy, that he was familiar with the policy, and that he impounded Mr. Sandos's vehicle pursuant to the policy. II R. at 26. Section 735(I)(B) of the impound policy states that a vehicle should be impounded "[w]hen the driver or owner is injured, dead, or arrested and cannot personally care for the vehicle, or have some responsible person take custody of it for him." I Supp. R. at 2.

Mr. Sandos was not asked whether he had some responsible person who could have taken custody of his vehicle (II R. at 26), nor were the residence owners asked if they wanted Mr. Sandos's vehicle removed (Id. at 32). Mr. Sandos lived 2.1 miles from the residence where his car was parked. Id. at 29. After Mr. Sandos was arrested, Officer Heaton inventoried his vehicle, finding a firearm and ammunition. I R. Doc 1.

At the suppression hearing, Mr. Sandos argued that, by impounding his vehicle without first inquiring into whether another responsible person could assume custody of the vehicle on his behalf, the officers violated their own impoundment policy. Mr. Sandos reasoned that, in light of this alleged policy violation, the inventory search conducted pursuant to the impoundment was unlawful and unreasonable. II R. at 47-54. Those same contentions are raised on appeal.

The district court denied the motion to suppress, concluding that the officers had not violated the impoundment policy and that the search was otherwise reasonable under the Fourth Amendment. The court acknowledged that the policy authorizes impoundment only where there is no "responsible person" available to take custody of the vehicle on the arrestee's behalf. Nevertheless, the court explained that the policy gives police officers broad discretion to decide, on a case-by-case basis, how much effort to devote to finding such a person. Id. at 61-65.

The court then explained that impoundment was warranted in this case because Sandos was alone and under arrest (Id. at 62), had already provided false statements to the police (Id. at 63), was intoxicated to the point that he could not be expected to provide reliable information regarding the availability of an alternate driver (Id. at 61), and had parked his vehicle in the driveway of a private residence, blocking access to the road (Id. at 63-64). According to the court, those factors–combined with the fact that the entire event transpired late at night and had already caused significant inconvenience to the complainants–obviated any need for the officer to take additional steps before impounding the vehicle. Id. at 62.

Discussion

In reviewing the district court's denial of a motion to suppress, we examine the court's findings of fact for clear error, viewing all facts in the light most favorable to the government, but will review de novo questions of law and the reasonableness of the search. United States v. Marquez, 337 F.3d 1203, 1207 (10th Cir. 2003).

The Supreme Court has held that inventory searches are a "well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987). Inventory searches pursuant to lawful impounds are permitted for the purpose of protecting the owner's property, protecting the police against claims of lost or stolen property, and protecting the police from potential danger. South Dakota v. Opperman, 428 U.S. 364, 369 (1976); United States v. Haro-Salcedo, 107 F.3d 769, 772 (10th Cir. 1997). However, impounds "cannot be used to justify the automatic inventory of every car upon the arrest of its owner." United States v. Pappas, 735 F.2d 1232, 1234 (10th Cir. 1984). Thus, in order for an impound and inventory of a vehicle to be reasonable under the Fourth Amendment, it must be conducted pursuant to standardized police procedures. Opperman, 482 U.S. at 372; Illinois v. Lafayette, 462 U.S. 640, 648 (1983).

The officers impounded Mr. Sandos's vehicle pursuant to standardized

police procedures. Mr. Sandos concedes that the impoundment policy requires only that the policy "take reasonable steps to determine that there is not another responsible person to take custody of the vehicle." Aplt. Br. at 13 (emphasis added). The steps taken by the officers were reasonable under the circumstances, and were therefore consistent with departmental policy. While it may be true, as Mr. Sandos argues, that it would have taken only five minutes for the officers to confirm whether Mr. Sandos could make arrangements for someone to take custody of his vehicle, the mere fact that alternatives to impoundment may have existed does not make the impoundment per se unreasonable. See Bertine, 479 U.S. at 374.

Whether an impoundment is reasonable is highly dependent on the facts considered as a whole. See United States v. Kornegay, 885 F.2d 713, 716 (10th Cir. 1989). Mr. Sandos relies upon United States v. Ibarra, 955 F.2d 1405, 1409 (10th Cir. 1992), and Pappas, 735 F.2d at 1234, as supporting his position that the police must allow a defendant to explore alternatives to impoundment, i.e. finding another to take custody of the vehicle. But Ibarra and Pappas involved very different factual findings by the district court that were upheld on appeal, and did not involve the type of highly unusual behavior exhibited by this defendant. In addition to the behavior, the vehicle was parked in a private driveway without permission. On balance, in view of the district court's factual findings, its

determination of Fourth Amendment reasonableness is not in error.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge