ACCEPTED
13-15-00292-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/18/2015 2:53:32 PM
Dorian E. Ramirez
CLERK

## DOCKET NO. 13-15-00292-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/18/2015 2:53:32 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS FOR
THE 13TH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

**THE STATE OF TEXAS,**
**APPELLANT**

**vs.**

**JOSHUA LINDSEY,**
**APPELLEE**

APPEAL FROM CAUSE NO. 13-CR-4068-D
IN 105TH JUDICIAL DISTRICT
OF NUECES COUNTY, TEXAS

## AMENDED APPELLEE'S BRIEF

**CELINA LOPEZ LEON**
LAW OFFICE OF SCOTT M. ELLISON, P.L.L.C.
410 PEOPLES ST.
CORPUS CHRISTI, TX 78401
TELEPHONE: (361) 887-7600
FACSIMILE: (361) 882-4728

## ATTORNEY FOR APPELLEE

Oral Argument is Requested.

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................................... ii

INDEX OF AUTHORITIES.................................................................................. iii

ISSUES PRESENTED...........................................................................................1

    **I.**    **THE TRIAL COURT DID NOT ERR IN FINDING THE SEARCH OF LINDSEY'S TRUNK WAS UNLAWFUL AND GRANTING APPELLEE'S MOTION TO SUPPRESS THE ILLEGALLY SEIZED EVIDENCE IN PART**

STATEMENT OF FACTS .......................................................................................2

SUMMARY OF THE ARGUMENT ......................................................................5

ARGUMENT AND AUTHORITIES......................................................................5

    **I.**    **THE TRIAL COURT DID NOT ERR IN FINDING THE SEARCH OF LINDSEY'S TRUNK WAS UNLAWFUL AND GRANTING APPELLEE'S MOTION TO SUPPRESS THE ILLEGALLY SEIZED EVIDENCE IN PART** .......................................................................5

CONCLUSION AND PRAYER FOR RELIEF.....................................................11

CERTIFICATE OF SERVICE .............................................................................12

RULE 9.4(i) CERTIFICATION ...........................................................................12

# INDEX OF AUTHORITIES

## CASES

*Amador v. State*, 221 S.W.3d 666 (Tex.Crim.App. 2007)........................................6

*Chimel v. California*, 395 U.S. 752, (1969)...........................................................11

*Delgado v. State*, 718 S.W.2d 718 (Tex.Crim.App. 1986).................................9, 10

*Florida v. Wells*, 495 U.S. 1, 4 (1990)...................................................................9

*Katz v. United States*, 389 U.S. 347, 357 (1967).....................................................7

*Madden v. State*, 242 S.W.3d 504, 517 (Tex.Crim.App. 2007) ..............................6

*Manns v. State*, 122 S.W.3d 171, 178 (Tex.Crim.App. 2003)..................................6

*Moskey v. State*, 333 S.W.3d 696, 700 (Tex.App. – Houston [1st Dist.] 2010)........9

*Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App. 1994) .................................7

*Sieffert v. State*, 290 S.W.3d 478, 482 (Tex.App. – Amarillo 2009)........................6

*St. George  v. State*, 197 S.W.3d 806, 815 (Tex.App. – Fort Worth 2006)...............6

*State v. Cashion*, 2012 WL 5278509 (Tex.App. – Dallas [5th Dist.])......................10

*State v. Cook*, 389 S.W.3d 376, 380 (Tex.App. – Texarkana 2012) ........................8

*State v. Stauder*, 264 S.W.3d 360, 364 (Tex.App. – Eastland 2008) ................10, 11

*United States v. Castro*, 129 F.3d  752, 755 (1997) .................................................9

*United States v. Ross*, 456 U.S. 798 (1982)........................................................7, 8

IN THE COURT OF APPEALS FOR
THE 13TH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

**THE STATE OF TEXAS,**
                              **APPELLANT**
          **vs.**

**JOSHUA LINDSEY,**
                              **APPELLEE**

APPEAL FROM CAUSE NO. 13-CR-4068-D
IN 105TH JUDICIAL DISTRICT
OF NUECES COUNTY, TEXAS

**AMENDED APPELLEE'S BRIEF**

Appellee, Joshua Lindsey, submits this Response Brief pursuant to Tex. R.

App. Proc. 38.

## <u>ISSUES PRESENTED</u>

II.   **THE TRIAL COURT DID NOT ERR IN FINDING THE SEARCH
      OF LINDSEY'S TRUNK WAS UNLAWFUL AND GRANTING
      APPELLEE'S MOTION TO SUPPRESS THE ILLEGALLY
      SEIZED EVIDENCE IN PART**

## STATEMENT OF FACTS

Defendant's Motion to Suppress Illegally Seized Evidence was heard in this Court on June 5, 2015. Reporter's Record, page 1 (hereinafter "RR" followed by the page number and line number if applicable). Appellee Lindsey challenged the detention, arrest, and search of his vehicle in his motion and at the suppression hearing. Lindsey argued that the officers were unlawful in detaining him based on an "odor of marijuana," unlawfully prolonged his detention by keeping him for thirty minutes before opening the trunk to find narcotics, and that the impound and inventory of his vehicle was improper.

Corpus Christi Police Department Officer Vicente Ortiz testified at the hearing as the State's only witness. RR p. 9. According to his testimony, Officer Ortiz and Officer Gonzalez were dispatched to the Stripes convenience store in reference to a "beer run." RR p. 10, Ln. 8-10, 18. The officers approached two vehicles parked in front of the store, and Ortiz could smell a strong odor of marijuana emitting from the vehicles. RR p. 11, Ln. 21-23. Officer Ortiz advised dispatch to hold the "beer run" call to further investigate the two vehicles. RR p. 12, Ln. 2-3. After approaching the vehicle that did not belong to Lindsey, Officer Ortiz released them despite the car "reeking of weed." RR p. 30, Ln. 9-20.

Officer Ortiz then turned the focus on Lindsey, approached him when he was outside his vehicle, immediately detained him, and handcuffed Lindsey to his

2

unit. RR p. 16, Ln. 5-13; p. 25, Ln. 24-25 – p. 26, Ln. 1.  Officer Ortiz did not see Lindsey smoking, commit any drug transactions, or physically possess any marijuana. RR p. 25, Ln. 19-23.   Officer Ortiz then did a pat-down search of Lindsey for officer safety, despite not having any reason to believe that Mr. Lindsey had any weapons on him. RR p. 24, Ln. 11-22.  According to Officer Ortiz' testimony, the odor was "freshly burnt marijuana," and that the smell became stronger when the door was opened.  R.R. p. 15, Ln, 1-3, 19-21; p. 14, Ln, 13-15.

Officer Ortiz asked Lindsey to search his vehicle several times, and Lindsey denied permission to search. RR p. 29, Ln. 3-5, 12-13; Def. Ex. 1 (Video).  Officer Ortiz testified that he was going to check the immediate area of the vehicle due to the smell coming from Mr. Lindsey's person and his vehicle. R.R. p. 26, Ln. 7-9. Both Officer Ortiz and Officer Gonzalez then did a search of the car. RR p. 33, Ln. 6-8.  Despite Officer Ortiz' testimony that he found marijuana residue, a white substance on the floor, and a scale when he opened the door to Lindsey's vehicle (RR p. 17, Ln. 15-18), the video of the incident contradicted this testimony. *See* Def. Ex. 1 (Video); *see also* p. 37, Ln. 8-11; p. 40, Ln. 11-17.  The search went on for 11 minutes when Officer Ortiz asked Officer Gonzalez if he had found anything, and Officer Gonzalez said "nada," or nothing. RR p. 33, Ln. 9-25;  p. 35, Ln. 7-16; p. 51, Ln. 10-20; Def. Ex. 1 at Back camera 10:54.  Officer Gonzalez

then asked Officer Ortiz if he was going to "double check," and the officers kept searching for another twenty minutes. RR p. 34, Ln. 1-9, 12-17. Def. Ex. 1 (Video). Despite the video footage, Officer Ortiz testified that he did find marijuana residue and a crack rock inside the vehicle, and that he qualified Lindsey as being under arrest at that point. R.R. p. 42, Ln. 23-24.

After Lindsey had been sitting in the unit for twenty-one minutes, multiple members of Lindsey's family began approaching the officers. Def. Ex. 1 at Back camera 21:01-27:27. Officer Ortiz did not ask any of Lindsey's family members if they had a valid license or insurance or if they were able to drive the vehicle home. RR p. 36, Ln. 3-7.

Officer Ortiz opened the trunk of Lindsey's vehicle after Lindsey had been in the unit for thirty minutes, pursuant to an inventory search after he decided to impound the car because of what he stated he found inside of it. RR p. 35, Ln. 24-25; p. 36, Ln. 1-2, 8-11; Def. Ex. 1 at Back camera 30:45; R.R. p. 36, Ln. 8-11; R.R. p. 37, Ln. 2-3 ("due to what was found in the vehicle, that's why it was inventoried and impounded"). Officer Ortiz found crack cocaine rocks in the trunk of Lindsey's vehicle. RR p. 19, Ln. 9-14. Officer Ortiz conceded in his testimony that Corpus Christi Police Department does not have any policies and procedures regarding the impoundment of vehicles and no inventory sheet was provided on

4

this case; they do an inventory at the officer's discretion when there is an arrest. RR p. 36, Ln. 12-22; p. 50, Ln. 14-23.

When Lieutenant Bauer arrived at the scene after the trunk was opened, Officer Ortiz told Officer Bauer that all he had was a "strong odor of marijuana. That's all I have." RR p. 38; Def. Ex. 1 at Back camera 31:00. One officer asked Officer Ortiz, "where was it," to which Officer Ortiz responded, "in the back." RR p. 39, Ln. 9-20; Def. Ex. 1 at Back camera 31:44. Officer Ortiz never mentioned to Lieutenant Bauer that anything was found inside the vehicle. RR. P. 41, 17-20; *see* Def. Ex. 1.

Based on the above findings, the trial court concluded that probable cause did not exist to search the trunk of Defendant's vehicle, thus suppressing the cocaine found only in the trunk of the car.

## SUMMARY OF THE ARGUMENT

Appellee submits in this response that the 105th District Court was correct in ruling the search of Lindsey's trunk was improper. Pursuant to an inventory

## ARGUMENT AND AUTHORITIES
## IN RESPONSE TO APPELLANT'S ISSUES PRESENTED

**III. THE TRIAL COURT DID NOT ERR IN FINDING THE SEARCH OF LINDSEY'S TRUNK WAS UNLAWFUL AND GRANTING APPELLEE'S MOTION TO SUPPRESS THE ILLEGALLY SEIZED EVIDENCE IN PART**

Trial court properly granted Lindsey's Motion to Suppress based on the unlawful inventory and impound of his vehicle.

## A. STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard for abuse of discretion. *Sieffert v. State*, 290 S.W.3d 478, 482 (Tex.App. – Amarillo 2009). If the parties are not in dispute as to the facts of the case and have conflicting views on the issues of reasonable suspicion and probably cause, the reviewing court conducts a *de novo* review. *See Manns v. State*, 122 S.W.3d 171, 178 (Tex.Crim.App. 2003). Whether an officer's reasonable suspicion is sufficiently supported by the totality of the circumstances is a legal question that is reviewed *de novo*. *Sieffert,* 290 S.W.3d at 482; *see Madden v. State*, 242 S.W.3d 504, 517 (Tex.Crim.App. 2007). In other words, a *de novo review* is conducted to determine whether a specific search and/or seizure were "reasonable" as an ultimate question of Fourth Amendment law. *St. George v. State*, 197 S.W.3d 806, 815 (Tex.App. – Fort Worth 2006) (hereinafter "*St. George II*").

Furthermore, when reviewing a trial court's ruling on a motion to suppress, an appeals court gives almost total deference to the trial court's findings which are supported by the record and any questions of mixed law and fact that turn on the credibility and demeanor of witnesses. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). The reviewing court must uphold the trial court's ruling if

6

it is right for any reason.  *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App. 1994).

**B. IF THE TRIAL COURT FOUND PROBABLE CAUSE TO SEARCH THE VEHICLE BASED ON THE SMELL OF MARIJUANA, THAT STILL DOES NOT JUSTIFY A SEARCH OF THE TRUNK**

Searches and seizures without a warrant are *per se* unreasonable under the Fourth Amendment, subject to only a few exceptions.  *Katz v. United States*, 389 U.S. 347, 357 (1967).  Here, officers did not have a warrant and do not meet any of the exceptions to qualify a search of Appellee's trunk.

The State relies on probable cause to search the vehicle as a justification to search the trunk.  At the suppression hearing, Appellee argued that probable cause did not exist to search the vehicle, that Lindsey was unlawfully detained, and that the search resulted in a prolonged detention of his person.  However, even if the Trial Court had determined probable cause existed to search the interior of the vehicle, Appellee submits that this does not automatically translate to a permissible search of the trunk of Lindsey's car.

Appellant cites *United States v. Ross* to argue their point, which held that officers have the right to search an entire vehicle when they believe there is contraband somewhere in the vehicle "but do not know where it is located." *United States v. Ross*, 456 U.S. 798 (1982); *see* Appellant's Brief, p. 9-10.  *Ross* goes on to articulate that the existence of probable cause to believe that a container, placed

in the trunk of a taxi, has contraband in it does not justify the search of the entire cab. *Id.* at 824.

In this case, Officer Ortiz' testimony only spoke to a smell of marijuana emitting from the cab of the vehicle, and testified repeatedly that the smell was "very strong," and he could smell it as soon as the door was opened. R.R. p. 15, Ln, 1-3, 19-21; p. 14, Ln, 13-15. If the trial court relied on this information to reach the threshold of probable cause to search the vehicle, Appellee submits that the probable cause did not extend to the trunk. According to Officer Ortiz, he found marijuana residue on the floor, along with cocaine rocks. RR p. 17, Ln. 15-18. This testimony, coupled with Ortiz' statement that he considered Lindsey under arrest at that time, show that the contraband (marijuana residue) was already found and seized. Thus the purpose of the trunk search in *Ross* based on not knowing "where the contraband was located" was dispelled by that point, rendering the justification in *Ross* inapplicable.

Furthermore, the State failed to present any evidence linking the "smell of marijuana" supposedly on Lindsey's person to the trunk of his car.

## C. THE INVENTORY SEARCH WAS IMPROPER

An inventory search is part of the impoundment process designed to produce an inventory of an automobile's contents. *State v. Cook*, 389 S.W.3d 376, 380 (Tex.App. – Texarkana 2012). The main purposes of an inventory search is to

8

protect the owner's property, protect police against disputes over stolen or lost property, and protect police from danger. *Moskey v. State*, 333 S.W.3d 696, 700 (Tex.App. – Houston [1ˢᵗ Dist.] 2010, no pet.). An inventory search is permissible under the constitution so long it is not a "ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990); *see United States v. Castro*, 129 F.3d 752, 755 (1997) (finding an inventory lawful only if "conducted for purposes of an inventory and not as an investigatory tool to produce or discover incriminating evidence").

The State bears the burden of proving the inventory lawful, and it must be conducted in good faith pursuant to standardized police procedure. *Moskey,* at 700. The State can satisfy their burden by showing that 1) the driver was arrested, 2) no alternatives to impoundment were available to insure the protection of the automobile, 3) impounding agency had an inventory policy, and 4) that policy was followed. *Delgado v. State*, 718 S.W.2d 718, 721 (Tex.Crim.App. 1986).

Here, Officer Ortiz conceded in his testimony that Corpus Christi Police Department does not have any policies and procedures regarding the impoundment of vehicles, no inventory sheet was provided on this case; and they do an inventory at the officer's discretion when there is an arrest. RR p. 36, Ln. 12-22; p. 50, Ln. 14-23. This lack of inventory procedure cannot justify a lawful impoundment of

any vehicle by the Corpus Christi Police Department. *See Delgado v. State*, 718 S.W.2d 718, 721 (Tex.Crim.App. 1986).

In *State v. Cashion*, the Court of Appeals found the impoundment unlawful when an alternative to impoundment was available – by means of another individual present whom could have taken the vehicle – thus ruling the subsequent inventory of the vehicle impermissible. *State v. Cashion*, 2012 WL 5278509 (Tex.App. – Dallas [5th Dist.]). Here, multiple members of Lindsey's family began approaching the officers at the scene, before the vehicle was inventoried pursuant to the impoundment. Def. Ex. 1 at Back camera 21:01-27:27. Despite the fact that multiple people were available, Officer Ortiz did not ask any of Lindsey's family members if they had a valid license or insurance or if they were able to drive the vehicle home. RR p. 36, Ln. 3-7. Just like in *Cashion*, the impoundment and inventory was unlawful here.

### i. THE INVENTORY SEARCH CANNOT BE JUSTIFIED AS A SEARCH INCIDENT TO ARREST

In *State v. Stauder,* an officer testified that the evidence was found during an "inventory" search, not a search incident to arrest. *State v. Stauder*, 264 S.W.3d 360, 364 (Tex.App. – Eastland 2008). The Appellate Court held that the State failed to satisfy its burden of showing officer compliance with inventory standards and procedures by not filling out the requisite inventory form, and found the officers' actions were a mere "ruse to search" the pickup. *Id.* at 364. In one last

ditch effort, the State proffered that the search was incident to a lawful arrest. *Id.* However, the Court of Appeals reasoned that officers may search incident to arrest, they may search only the person arrested and the "area within his immediate control." *Id.*, *citing Chimel v. California*, 395 U.S. 752, 763 (1969). Because there was no evidence presented that the items in the bed of the pickup were in the Appellant's immediate control in compliance with *Chimel*, the search of the bed of the truck incident to arrest was invalid. Such is the case here. The State cannot qualify the search as lawful incident to arrest because it exceeds the scope of *Chimel*. Lindsey had no access to the trunk of his vehicle and the contraband found in it was not in his immediate reach.

Because there was no probable cause to search the trunk of the vehicle and unlawful inventory of the car, the trial court did not err in suppressing the evidence found in the trunk of Lindsey's vehicle.

## CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing argument and case law, Appellee submits that he is entitled to the relief requested in this Amended Appellee Brief. Appellee respectfully prays that this Honorable Court of Appeals affirm the decision of the Trial Court.

Respectfully submitted,

/s/Celina Lopez Leon

11

**CELINA LOPEZ LEON**
State Bar No. 24070170

**LAW OFFICE OF SCOTT M. ELLISON**, **P.L.L.C.**
410 Peoples St.
Corpus Christi, TX 78401
Telephone: (361) 887-7600
Telecopier: (361) 882-4728

**ATTORNEY FOR APPELLEE**,
**JOSHUA LINDSEY**

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby certify that a copy of the foregoing Amended Appellee Brief has been hand delivered to Mark Skurka, Esq., District Attorney, Nueces County, TX at 901 Leopard St., Room 206, Corpus Christi, TX 78401 on this 16th day of November, 2015.

/s/Celina Lopez Leon
**CELINA LOPEZ LEON**

## RULE 9.4(i) CERTIFICATION

I certify that the brief contains 2,438 words, excluding those matters listed in Rule 9.4(i)(1), and is in compliance with Texas Rule of Appellate Procedure 9.4(i)(3).

/s/Celina Lopez Leon
**CELINA LOPEZ LEON**